## LORENZ v. TISDALE.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. HIGHWAYS—RIGHTS OF AUTOMOBILES.

Automobiles have no right of way over other vehicles.

2. SAME—NEGLIGENCE.

An automobilist, on overtaking and attempting to pass two heavily loaded trucks in a road, drove his automobile between the rear truck and a passing carriage, cleared the rear truck, and struck the head one, resulting in injury to himself and his automobile. The drivers of the trucks had stopped their horses to rest them, and the head truck was nearer the center of the road than the other. Because it was dark, and the road curved sharply and was on a grade, the automobile's lights did not disclose the trucks until the automobilist was upon them. *Held*, that the accident was caused by the automobilist's own negligence, and not the driver's.

Appeal from Queens County Court.

Actions by Herman Lorenz against Josiah B. Tisdale. From judgments for plaintiff, and from orders denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

John Hetherington, for appellant.
William H. Siebrecht, Jr., for respondent.

MILLER, J. On the evening of September 26, 1906, at about 7:15 o'clock, an automobile driven by the plaintiff crashed into the rear of one of the defendant's tracks, loaded with lumber, with such force as to push the lumber forward onto the horses and wreck the automobile. The plaintiff has recovered two judgments, one for personal injuries and the other for injuries to the automobile.

It is suggested that the defendant's driver was guilty of negligence for not getting the heavily loaded truck out of the way of the automobile and for not having a light displayed at the rear of the truck; but automobiles do not have the right of way over other vehicles. There were two trucks, one ahead of the other. The plaintiff's automobile cleared the rear truck, but struck the head truck, which was nearer the center of the road, and there is some evidence to the effect that the trucks were standing still. But negligence cannot be inferred from either of these facts. It was not negligent for the drivers to rest their horses, and heavily loaded trucks do not have to be driven in the gutter to avoid the recklessness of automobile drivers. If the driver of the automobile wished to pass the truck, he should have done so without hitting it; and if he came upon the truck so suddenly that he could not stop his machine he, and not the driver of the truck, was at fault.

The plaintiff says that it was dark, and that because of a sharp curve and the grade of the road the lights on the automobile did not disclose the trucks until he was upon them. If so, he should have had his automobile under control. It appears that the trucks were sufficiently to the right of the road to allow a horse and carriage going

in the opposite direction to pass. The plaintiff drove his automobile between said passing carriage and the rear truck. The occupants of the carriage escaped injury only by reason of the alertness of the driver in pulling his horse into the ditch.

The complaints should have been 'dismissed.

Judgments and orders of the County Court of Queens county reversed, and new trial ordered; costs to abide the event. All concur.