OBLASER *v.* WAYNE CIRCUIT JUDGE.

1. CRIMINAL LAW—PROCEDURE—ADJOURNMENT OF EXAMINATION.
   No formal adjournment is necessary on preliminary examination of a person charged with a crime, where the testimony was taken by a stenographer before the examining magistrate, and the decision of the justice to bind over the respondent announced orally, and after twelve days the witnesses were brought in, signed their testimony as extended, and the defendant was remanded into custody.

2. SAME—EVIDENCE—JUDICIAL NOTICE.
   The court will take judicial notice of the fact that some time is required to reduce stenographic notes of testimony taken on preliminary examination to typewritten form.

3. SAME—ORDER OF JUSTICE ON PRELIMINARY EXAMINATION—PREMATURE ACTION.
   It does not preclude further action in the case for the justice to announce his decision to bind over the respondent under the testimony, at the close thereof, before it has been signed by the witnesses.

4. SAME—BINDING OVER RESPONDENT.
   The intention to make a valid order and to sign the testimony at the proper time will be presumed.

5. SAME—RETURN OF JUSTICE—REQUISITES.
   The return of the examining magistrate, which is defective in

not being properly verified, or in failing to contain the signed testimony and a proper affidavit, may be amended or a new return filed.

Mandamus by August Oblaser to compel Henry A. Mandell, circuit judge of Wayne county, to vacate an order denying a motion for an amended return by an examining magistrate. Submitted January 13, 1910. (Calendar No. 23,774.) Writ denied February 3, 1910.

*Philip A. McHugh* and *William Henry Gallagher*, for relator.

*Philip T. Van Zile*, Prosecuting Attorney, and *Fred H. Aldrich*, Assistant Prosecuting Attorney, for respondent.

HOOKER, J.   The defendant being before the circuit court on a charge of murder, to which he had not pleaded, caused this motion to be made for an order for an amended return by the examining magistrate, claiming that the return made under date of August 31, 1909, does not show all that occurred, and that a true amended return would show that defendant had not been accorded a lawful and valid examination. It is shown by defendant's affidavit: That the witnesses for the prosecution were examined and testified on August 19th before the justice and in the presence of the defendant that upon said day he was bound over to the circuit court for trial, and remanded to the jail to await trial, by the following oral order:

"*The Court:* Oblaser, I find that there is probable cause to connect you with this crime, and I bind you over to the circuit court for trial, and I remand you to the custody of the sheriff."

That afterwards, and before August 30th, the justice delivered to the prosecuting attorney his return, to be filed in the circuit court by him or his assistants. That afterwards said justice caused said witnesses to be subpoenaed, and they appeared before said justice on August

31st, and signed a typewritten transcript of their testimony in the presence of the defendant and his counsel. No order of continuance having been made or entered, that thereafter, and on the 31st day of August, said justice made and caused to be filed a return, which did not include a statement of the facts alleged, that no continuance of the examination was made or entered upon August 19th at the close of the examination. The motion was made on November 18th, and was based on an affidavit of the defendant made on that day. It is inferable that the testimony was taken by a stenographer, and that it was afterwards transcribed. The statute (3 Comp. Laws, § 11853) permits the testimony to be reduced to writing under the direction of the justice, and we may take judicial notice that, where taken by a stenographer, some time is required to reduce it to typewriting, as was apparently the case here. On August 31st the defendant was brought in, the witnesses appeared, their testimony was read over to them, and was subscribed by them in the presence of defendant and his counsel. This was in our opinion a proper proceeding, unless the justice had lost his jurisdiction (1) by a failure to adjourn or hold open the cause to a day certain; (2) by the alleged order of commitment; (3) by his alleged return delivered to the prosecuting attorney to be filed.

In the case of *Hamilton* v. *People*, 29 Mich. 176, it was said:

"The justice, in these examinations, does not act judicially in the technical sense, but in his capacity of a conservator of the peace, and the proceeding is one which at common law was conducted very much at discretion. It is possible that the regularity of the arrest and continued custody of the prisoners may have been open to question; but we have found no authority for holding that a criminal examination before a justice is void if a complaint has been made before him on oath, and the accused are finally held to bail or committed on a law day upon testimony taken in their presence in pursuance of it. Whether irregular or not, we find no author-

ity for regarding such proceedings as nullities. We can see no reason why a complaint properly verified should cease to be valid to maintain an examination unless the parties accused are either discharged or held to commitment so long as there is no substantial break in the proceedings. No formal record is required to be kept of them, and the continuance from day to day is not an adjournment of such a nature that the failure to announce it would be of any consequence. The proceedings are by the statute contemplated as continuous, unless formally adjourned from time to time, and the close of business on one day would carry it over until the next business day as a matter of course, unless otherwise ordered. The adjournment to the 22d, if illegal, would not interrupt a legal course, which would take the matter over to the 23d; and whether the justice did or did not consider some testimony which was not admissible because irregularly taken his discretion in ordering the commitment cannot be reviewed in any such way as proposed here. The plea does not dispute the fact that there was a preliminary examination upon a proper complaint before a magistrate having jurisdiction resulting in a commitment; and this we think was all that was necessary to justify proceeding by information."

In the present case the testimony was taken and defendant was remanded. When the testimony was ready for signature, the cause was taken up and proceeded with. We are not advised that any objection was made to this at the time or that any change was made in the testimony as taken, and we feel justified in saying that it was a continuous proceeding within the holding in the *Hamilton Case*, and that no formal adjournment or designation of time was necessary.

2. It is contended that the order remanding and binding over was invalid because made before the testimony was signed, and that it was a final disposition of the matter precluding further action. If it is true that the order was void because premature, it was of no effect, and ought not to preclude the further action of preparing and signing the testimony, which was evidently necessary. This, in the absence of clear proof to the contrary, we

must presume to have been intended; and also the making of another order when it would be valid.   The fact that the justice after hearing the testimony announced his conclusion is not inconsistent with an intention to have the examination completed and testimony signed, when he would necessarily have to make a formal certificate and return whether he had previously announced his conclusion or not.

3. The alleged return to the prosecuting attorney is open to several suggestions.

(*a*) It is not proven, being stated only on information and belief.

(*b*) It was an inadequate return for the reason that it did not contain the signed testimony.   Indeed, the affidavit does not show what it consisted of.

(*c*) If it were invalid or incomplete, it was competent for the justice to amend it before filing or make a new one.

The writ is denied.

MOORE, McALVAY, BROOKE, and BLAIR, JJ., concurred.