## PEOPLE *v.* OBLASER.

1. CRIMINAL LAW—JURY—QUALIFICATIONS—TRIAL—PRELIMINARY EXAMINATION.

   That counsel for respondent, who was accused of murder, was not permitted to examine a juror as to the state of his health, was not error, in the absence of a showing that his health or physical condition affected his verdict, which was rendered after a short trial.

2. SAME—CONSTITUTIONAL LAW—TRIAL—SEPARATION OF JURY.

   Act No. 4, Pub. Acts 1909, authorizing the court to permit the jury in criminal trials to separate, is constitutional as an amendment to 3 Comp. Laws, § 11960, the title of which refers only to murder cases: for the court had such power in other criminal causes prior to the amendment, which therefore only affects prosecutions for murder, and is within the title of the original act.

3. SAME—TRIAL—ARGUMENT—PROSECUTING ATTORNEY.

   Argument of the prosecuting attorney that did not clearly distinguish between facts, and inferences which he drew from them, was not prejudicial error on the trial, which resulted in a just verdict.

Error to Wayne; Mandell, J. Submitted January 20, 1911. (Docket No. 195.) Decided November 3, 1911. Rehearing denied March 30, 1912.

August Oblaser was convicted of murder in the second degree. Affirmed.

*Philip A. McHugh* and *William Henry Gallagher,* for appellant.

*Philip T. Van Zile,* Prosecuting Attorney, and *Fred H. Aldrich,* Assistant Prosecuting Attorney, for the people.

OSTRANDER, C. J. The defendant, having been convicted of murder, has appealed to this court. Upon the

trial, a motion to quash the proceedings was made on grounds which, in our judgment, were covered in the cases of *Oblaser* v. *Wayne Circuit Judge*, 159 Mich. 665 (124 N. W. 590), and a mandamus case in the same cause, decided later, which is not reported.

Complaint is made that counsel were not allowed to examine a juror upon the condition of his health and his physical ability to sit during a long trial. Inasmuch as the trial was short, and the juror sat through it without apparent injury to his health, and as it does not appear that his health or his physical condition affected his verdict, we may dismiss that question.

Error is assigned upon the omission of the trial judge to order that the jury be placed in charge of an officer during the trial. Section 11960, 3 Comp. Laws, required the confinement of jurors in murder cases. It was passed under the following title:

"An act to provide for the placing of juries, while engaged in the trial of cases of murder, under the charge of a competent officer duly sworn as prescribed in this act, and to define the duties of certain officers in relation thereto, and to provide a penalty for any wilful violation thereof."

Act No. 4, Pub. Acts 1909, was entitled "An act to amend section one of act number," etc., "being section eleven thousand nine hundred sixty of the Compiled Laws of eighteen hundred ninety-seven." Section 11960 was by said act amended as follows:

" The jurors sworn to try a criminal action in any court of record in this State, may, at any time before the cause is submitted to the jury, in the discretion of the court, be permitted to separate or be kept in charge of proper officers."

The remainder is immaterial to the question. It is claimed that this act is unconstitutional, for the reason that the title to the original act was limited to murder cases. The title of the original act does limit amendments made under the title to the amendatory act, but under the amendment the provision quoted, had it been applied to

murder cases only, would not have been invalid; and, inasmuch as courts had, at the time of the passage of this act, full power to confine or permit jurors in other cases to separate, and this was not changed by the provision, the act can be held good as to murder cases. There is therefore no necessity or reason for reversing the cause upon this point.

Fifty-four requests to charge were presented. · Many of them are statements of elementary principles; some are quotations from opinions of this court in other cases, and as a whole they are in a way argumentative. Some were given, and others were covered by the charge. We have gone carefully over these requests and the charge, and think that defendant has no cause to complain.

The language of counsel complained of consisted of arguments addressed to the jury, which called attention to testimony and certain inferences which they were asked to draw therefrom. It is claimed that testimony was misrepresented. We do not discover any misrepresentations. The prosecuting attorney did not always in terms make a clear distinction between the facts sworn to by witnesses and the inferences which he drew from them. But the jury heard the testimony as well as the argument, and it is assumed that they supplied what the attorney sometimes omitted. We have given very careful consideration to this subject, and, while we cannot approve of all that was said in argument, are convinced that, in view of the testimony, the jury could have honestly returned no other verdict than the one which was returned.

There was no error in denying a new trial, and we think the verdict a just one. Some questions are raised over rulings in the admission of testimony. As no new trial will be necessary, we do not say more about them than that we find no error.

The judgment is affirmed.

BIRD, MOORE, MCALVAY, and BROOKE, JJ., concurred.