### TRANSPORT UTILITOR SALES CO. *v.* ZWERGEL.

1. CORPORATIONS—CONTRACTS—RATIFICATION—VALIDITY.

   A contract between a corporation and an employee, entered into before the corporate organization of the corporation was perfected, was validated by its ratification by both parties after the corporate organization was perfected.

2. APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR.

   If the admission in evidence of plaintiff's books of account was error because of failure to lay the proper foundation therefor, said error was not reversible where the payments to defendant, sought to be established thereby, were established by other evidence.

On adoption and ratification by corporation of contracts of promoters made before its creation, see notes in 26 L. R. A. 544; 50 L. R. A. (N. S.) 980.

3. TRIAL — SEPARATION OF JURORS OVER WEEK END WITHIN STATUTE.

Excusing a jury over the week end, *held*, to appear to be within the authority granted the trial judge by Act No. 385, Pub. Acts 1919, to permit the jurors, after retiring to consider their verdict, to separate temporarily when in his judgment such a separation is deemed proper.

4. APPEAL AND ERROR—SEPARATION OF JURORS—HARMLESS ERROR.

Where the only question submitted to the jury was decided in appellant's favor, error, if any, in the court's allowing a separation of the jury after they had retired to consider their verdict, *held*, not prejudicial.

5. SAME—STATUTES—CONSTITUTIONAL LAW—QUESTION NOT RAISED IN TRIAL COURT.

Where the constitutionality of a statute was not raised in the trial court it will not be considered by the Supreme Court.

Error to Washtenaw; Sample (George W.), J. Submitted June 6, 1924. (Docket No. 78.) Decided July 24, 1924. Rehearing denied October 6, 1924.

Assumpsit by the Transport Utilitor Sales Company against George W. Zwergel for money advanced on a sales contract. Judgment for plaintiff. Defendant brings error. Affirmed.

*Jones & Stuhrberg,* for appellant.

*Reynolds, Sessions & Pierce* (*Frank B. DeVine,* of counsel), for appellee.

BIRD, J. Plaintiff is an Ohio corporation organized for the purpose of selling automobile trucks and tractors. It secured the services of defendant to act as director of sales. The arrangement for his services was evidenced by a written contract:

"This letter is to confirm our understanding and agreement concerning your employment as director of

sales of the Transport Utilitor Sales Company of Toledo, Ohio.

"The period of time for which we engage you in the above capacity is agreed will be for one year dating April 1, 1920, to April 1, 1921.

"In remuneration for your services as director of sales we agree to give you twenty-five per cent. (25%) of the net profits of the Transport Utilitor Sales Company for the year. Also to advance you a drawing account of six hundred dollars ($600) per month which is to be charged up to you and to be returned to us at the end of your year when settlement is made for your percentage of the profits.

"This letter is written in duplicate and is an execution of a resolution adopted by the board of directors, whereby I, as member of said board, am authorized to sign this agreement in their behalf.

"Very truly yours,
"TRANSPORT UTILITOR SALES CO.,
(Signed)  "H. E. CHATTERTON.
"Accepted March 26, 1920.
(Signed)  "GEO. ZWERGEL."

The defendant began his work under this contract on April 1, 1920, and the company was operated for a year but without profit. The company then demanded of defendant that he return the advancements made to him in accordance with the contract. He refused, and this suit in attachment was begun to recover the same. The year for which defendant was employed was from April 1, 1920, to April 1, 1921. He continued in his employment, however, until November, 1921, claiming that a new arrangement was made at the end of his year whereby he was to receive $200 per month. This was denied by plaintiff. This question of fact was left to the jury and they found on this question in favor of defendant. They found by direction of the trial court a verdict for plaintiff in the sum of $4,613.50, and defendant assigns error.

1. Defendant asserts that his contract of employment was invalid because the corporate organization

of plaintiff was not perfected until after the contract was signed. While it is true that the contract was made before plaintiff was a corporate entity, it appears that both parties afterwards ratified it; defendant by entering into the employment as director of sales, and plaintiff by recognizing him as director of sales, and making payments to him in accordance with the contract. If such conduct needs authority to establish that it amounted to a ratification of the contract, it may be found in *Oakes* v. *Cattaraugus Water Co.,* 143 N. Y. 430 (38 N. E. 461). Also valuable note on this case will be found in 26 L. R. A. 544.

2. A large number of assignments are made relating to the proof of plaintiff by which it showed payments to defendant. Repeated objections were made to the admission of the books of plaintiff because a proper foundation had not been laid for their admission. These objections are mostly of a technical nature and become immaterial by reason of the fact that payments to defendant were established by canceled checks of plaintiff, and others, who advanced money for plaintiff, bearing the indorsement of defendant. These payments were not denied by defendant, neither were any of his indorsements on the checks denied. Even if it can be said that a proper foundation was not laid to admit some of the books in evidence, it is unnecessary to discuss these objections, as the same thing was satisfactorily proved in the way indicated.

3. At the close of the proofs the trial court directed a verdict as to the main features of the case, leaving to the jury the one question referred to. The jury retired to the jury room Thursday afternoon and began the consideration of the case. When the time for adjournment arrived the court had the jury brought in, and inquired of them if they had agreed upon a verdict. They announced they had not, whereupon the court excused them until Monday morning

at 9 a. m. At that time they appeared and finished their deliberations, and brought in a verdict as stated.

Counsel for defense excepted to the action of the trial court in dismissing the jury after they had commenced their deliberations. The only reason given was that it was more than a temporary separation of the jurors provided for by Act No. 385, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12621 [1]). That act provides that:

"In courts of record, the court, or the judge thereof, may, after jurors retire to consider their verdict, permit the jurors to separate temporarily whenever in his judgment such a separation is deemed proper: *Provided,* That in cases where separation of the members of the jury is now forbidden by law the authority hereby granted shall not extend to permitting separation of the members of the jury of the same sex."

Excusing the jury over the week end would appear to be within the authority granted by this act. But aside from this act it does not appear that defendant was prejudiced in any way by a separation of the jury, as the only question submitted to the jury was later found in his favor. Later when counsel made their brief for this court they concluded that Act No. 385 was unconstitutional, but they give no reason for that conclusion, and none suggests itself to us. But we need not deal with that question at this time because it does not appear that the constitutional question was raised in the trial court. *Just* v. *Township of Wise,* 42 Mich. 573; *Chatterton* v. *Parrott,* 46 Mich. 432.

We think the matters in issue were concluded in the trial court without reversible error.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.