## VERCRUYSSE *v.* ULAGA.

1. TRIAL—SEPARATION OF JURY OVER WEEK END—ABUSE OF DIS-
CRETION—PREJUDICE—STATUTES.

Allowing a jury of men and women, in a civil case, after
they had retired to consider a verdict, to separate from
5:20 p. m. on Friday until the following Monday morning,
*held*, not error, where the record shows no abuse of dis-
cretion conferred on the trial judge by Act No. 385,
Pub. Acts 1919, authorizing a temporary separation, and
no prejudice on account thereof is shown.[1]

2. WORDS AND PHRASES—"TEMPORARILY" DEFINED.

The word "temporarily" means for a limited time, for the
time being, not permanently.[2]

3. NEGLIGENCE — PLEADING — DECLARATION — SUFFICIENCY — HIGH-
WAYS AND STREETS.

The averments of the declaration, in an action for per-
sonal injuries received by plaintiff when the bicycle on
which he was riding on a public highway was struck by
defendant's automobile traveling on the wrong side of
the road, *held*, sufficient to state a case of actionable neg-
ligence, although it contains superfluous matter.[3]

4. SAME—EVIDENCE—SUFFICIENCY.

The averments of the declaration charging negligence,
*held*, supported by abundant proof.[4]

5. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

The questions of defendant's negligence and of plaintiff's
contributory negligence, *held*, properly left to the jury.[5]

6. SAME — RIGHTS OF MOTOR VEHICLES AND BICYCLES ON PUBLIC
HIGHWAY—LAW OF ROAD.

Since the rights of plaintiff to ride his bicycle, and of de-
fendant to drive his automobile, on a paved highway are
mutual and co-ordinate, defendant was bound to respect
plaintiff's rights and observe the law of the road.[6]

[1]Trial, 38 Cyc. p. 1820; [2]Temporarily, 37 Cyc. p. 1797; [3]Motor
Vehicles, 28 Cyc. p. 45; [4]Id., 28 Cyc. p. 47 (1926 Anno); [5]Id., 28
Cyc. p. 49; [6]Id., 28 Cyc. p. 28.
On liability for collision of automobile with bicyclist, see note
in 28 L. R. A. (N. S.) 944.

7. APPEAL AND ERROR—READING TO THE JURY PERTINENT EXCERPTS
    FROM OPINION IN ANOTHER CASE NOT PREJUDICIAL.
        Reading to the jury, by the trial judge, pertinent excerpts
        from the opinion of the Supreme Court discussing the
        law of the road and an automobile driver's duty to a
        bicycle rider, in a case containing somewhat similar facts,
        *held*, not prejudicial.[7]

Error to Wayne; Merriam (De Witt H.), J.    Submitted October 9, 1924.    (Docket No. 57.)    Decided December 10, 1924.

Case by Alphonse Vercruysse, an infant, by his next friend, against Anton Ulaga for personal injuries. Judgment for plaintiff.    Defendant brings error. Affirmed.

*John W. L. Hicks* (*Charles C. Stewart*, of counsel), for appellant.

*James R. Thomas* and *George H. Kretzschmar*, for appellee.

CLARK, C. J.    An automobile, owned and driven by defendant, collided on a public highway in Wayne county with a bicycle on which plaintiff was riding. Plaintiff was injured, and had judgment.    Defendant brings error.

1. At about 3:30 p. m., on Friday, November 16, 1923, the jury, of both men and women, retired to consider a verdict and—

"at 5:20 p. m. of that day, said jury were recalled into court in the absence of counsel for the defendant, and asked by the court, as follows:

" 'Members of the jury, is there any possibility of your agreeing within the next 30 minutes?'    To which a juror replied,    'We have agreed as to how it should go, but not on the other, and I think it will be several hours before we can agree on that.'

---

[7] Appeal and Error, 4 C. J. § 3013.

" '*The Court:* Some of the members of the jury live out in the country and therefore I am going to exercise the discretion which I have under the law, and permit you to separate and come back Monday morning and continue your deliberations.'

"After which the said jury were allowed to separate and go to their respective homes.

"On said Monday, November 19, 1923, at 9:30 a. m., the said jury retired a second time and finally returned into court announcing a verdict in favor of the plaintiff and against the defendant."

Defendant insists that permitting the jurors thus to separate after the cause had been submitted to them is unwarranted in law, and that Act No. 385, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12621 [1]), authorizes no such separation, and that for that reason his motion for a new trial ought to have been granted. The statute:

"In courts of record, the court, or the judge thereof, may, after jurors retire to consider their verdict, permit the jurors to separate temporarily whenever in his judgment such a separation is deemed proper: *Provided,* That in cases where separation of the members of a jury is now forbidden by law, the authority hereby granted shall not extend to permitting separation of the members of the jury of the same sex."

There now remains but a vestige of the ancient duress, deprivation and confinement to which jurors were subjected as in fact prisoners of the court. This is due to enlightenment and to the greater length of modern trials. See 16 R. C. L. p. 306. In civil cases, jurors have long enjoyed the privilege of separating before the submission of the cause to them, and in murder cases as provided by section 15833, 3 Comp. Laws 1915, and in other criminal cases. *People* v. *Oblaser,* 168 Mich. 227.

The coming of women as jurors made necessary, for obvious reasons, less severity, more liberality, respecting the confining of jurors after submission of the cause. Hence the statute above quoted.

The word temporarily means for a limited time, for the time being, not permanently.    8 Words and Phrases, p. 6901.    It must be construed in the connection in which it is used.    We think it was intended to authorize the trial judge, in the exercise of his discretion and for a proper reason, to permit the jurors, except as provided by the statute quoted, so to separate for a short time, over night, over the Sabbath, or even over the week-end, as here.    On this record we find no abuse of discretion and no showing of prejudice on account of the separating and hence, in this regard, no error.    And the question as presented here is ruled squarely against defendant's contention by *Transport Utilitor Sales Co.* v. *Zwergel,* 228 Mich. 132, decided since the case at bar was briefed.

2. Defendant has assigned error upon the refusal of the following request to charge:

"Under the pleadings and evidence in this case, your verdict must be for the defendant."

In what were the pleadings faulty?    This request did not apprise the court.    But passing that, and assuming that it was defendant's contention that the declaration did not state a cause of action, as he here contends, the declaration must be sustained.    It contains superfluous matter, but it does aver, in substance (giving place and date), that while plaintiff was riding a bicycle in a westerly direction, along the north margin of the paved portion of a public highway, in the daytime, and while he was in the exercise of due care, defendant so negligently managed an automobile which he was driving in an easterly direction on the pavement that it ran against the plaintiff, causing him severe injuries, sufficiently particularized; that defendant was, among other acts of negligence averred, negligent in failing to keep a proper lookout for the plaintiff and others lawfully on the highway,

and in driving his car, when about to meet plaintiff, on the wrong side of the road and to within two feet of the north margin of the paved way, and claims damages of defendant. It states a case of actionable negligence (*Niedzinski* v. *Coryell,* 215 Mich. 498), and there is abundant proof supporting the averments. The court properly left the questions of defendant's negligence and of plaintiff's contributory negligence to the jury.

3. Defendant argues:

"What are these hard cement roads constructed for? It is for business and rapid travel. They are not built to enable people to go walking upon nor for boys to * * * ride bicycles thereon.

"Trucks and motor vehicles, for whom such roads were so improved, must of necessity have the right-of-way over people either walking or going on bicycles." * * *

Plaintiff had a right to ride his bicycle on the pavement, a right which defendant was bound to respect. The rights of the parties to use the road were mutual and co-ordinate. *Gibbard* v. *Cursan,* 225 Mich. 311; *Lorenz* v. *Tisdale,* 127 App. Div. 433 (111 N. Y. Supp. 173). The law of the road and defendant's duty toward plaintiff, riding a bicycle, are sufficiently discussed in the *Niedzinski Case, supra,* and need not be discussed here. See, also, *Myers* v. *Hinds,* 110 Mich. 300 (33 L. R. A. 356, 64 Am. St. Rep. 345). The trial judge read to the jury pertinent excerpts from the *Niedzinski Case.* We are not impressed that this was prejudicial.

Other questions raised have been considered. No reversible error is found.

Judgment affirmed.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.