SZABO v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 64517. Submitted June 8, 1983, at Detroit.—Decided
August 8, 1983.

Plaintiff, Daniel Szabo, brought an action seeking to obtain work
loss benefits pursuant to a policy of no-fault automobile insur-
ance with Detroit Automobile Inter-Insurance Exchange. At the
time of the accident in which he was injured, plaintiff had been
unemployed for a period of approximately two months. The
parties stipulated that plaintiff had been discharged from his
most recent employment, that he intended to gain subsequent
employment, and that he had applied for employment with
four or five potential employers but had not received any offers
of employment. The Wayne Circuit Court, Michael J. Conner,
J., found that plaintiff was "temporarily unemployed" within
the meaning of the no-fault act and that he was therefore
entitled to work loss benefits. Summary judgment was granted
to plaintiff, and the defendant appealed. *Held:*

1. Under the stipulated facts herein, the trial court did not
err in finding that the plaintiff was temporarily unemployed for
the purposes of eligibility for no-fault wage loss benefits.

2. Had the Legislature intended to circumscribe the class of
unemployed persons eligible for wage loss benefits, it would
have specifically excluded unemployed persons, other than
those who are unemployed as a result of seasonal employment
or involuntary layoffs, from the class of persons eligible for
wage loss benefits.

Affirmed.

1. WORDS AND PHRASES — TEMPORARY.

The word "temporary" has no fixed meaning in the sense that it
designates any fixed period of time; it is a word used in
contradistinction to permanent.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 240.
[2] 7 Am Jur 2d, Automobile Insurance § 361.

2. Insurance — No-Fault Insurance — Temporary Unemploy-
    ment.

> A plaintiff may be found to be temporarily unemployed for
> purposes of collecting wage loss benefits under the automobile
> no-fault insurance provisions where, although he has lost a job,
> he is actively seeking employment and it is shown that his
> unemployed status would not have been permanent but for the
> motor vehicle accident which caused his injury (MCL
> 500.3107a; MSA 24.13107[1]).

*Stalburg, Bean & Laritz, P.C.* (by *Armin G. Fischer*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Ernest R. Bazzana*), for defendant.

Before: D. F. Walsh, P.J., and Beasley and D. L. Sullivan,* JJ.

Per Curiam. On April 10, 1981, plaintiff, Daniel Szabo, filed a complaint in the Wayne County Circuit Court against defendant, Detroit Automobile Inter-Insurance Exchange (DAIIE), in which he sought to recover work loss benefits. Both parties filed motions for summary judgment under GCR 1963, 117.2(3). After the trial court granted plaintiff's motion for summary judgment, defendant appealed as of right.

On May 5, 1980, plaintiff was injured in an automobile accident. He was covered under a policy of insurance issued to his wife by defendant. While paying plaintiff's medical expenses, defendant denied his claim for wage loss benefits on the grounds that plaintiff, on the date of the accident, was neither employed nor temporarily unemployed.

In their motions for summary judgment, both

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

parties relied upon MCL 500.3107a; MSA 24.13107(1), which provides:

"Subject to the provisions of section 3107(b), work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident."

For purposes of the motions, the litigants stipulated that (1) on May 5, 1980, the date of the motor vehicle accident, plaintiff was not employed, (2) prior to the accident, plaintiff's most recent employment was with Quality Control Stamping, where he was employed from April 1, 1979, to March 12, 1980, (3) between March 12, 1980, and May 5, 1980, he applied for employment with four or five potential employers, (4) as of May 5, 1980, plaintiff had not received any employment offers, (5) plaintiff intended to gain employment subsequent to his discharge from Quality Control Stamping on March 12, 1980, and (6) for reasons of repeated absenteeism, plaintiff was discharged from his position at Quality Control Stamping.

After hearing oral argument, the trial court, on March 12, 1982, granted plaintiff's motion for summary judgment, holding that plaintiff was temporarily unemployed on the date of the accident:

"It is my ruling that the Michigan No-Fault Act, under § 3107-A, would cover this situation, and that the plaintiff in this case does fit within the definition of temporary unemployment. In other words, under these circumstances where the man is actively seeking employment, and could anticipate employment, even though he was without employment, without a job offer or promise, notwithstanding he is entitled to benefits."

The disposition of this appeal depends upon

whether plaintiff was "temporarily unemployed" within the definition of MCL 500.3107a; MSA 24.13107(1) on May 5, 1980, the date he was injured in the automobile accident.

Defendant argues on appeal that the Legislature intended to provide wage loss benefits only to employed individuals and individuals who are temporarily unemployed because of seasonal employment or involuntary layoffs. Defendant asserts that unemployed persons, unlike individuals who are seasonally employed or laid off, do not have employment to which they will return and, thus, are not entitled to statutory wage loss benefits.

Plaintiff argues that the stipulated set of facts demonstrates that his unemployed status was not permanent. He maintains that had the Legislature intended to restrict the categories of unemployed persons eligible for wage loss benefits to those who are seasonally employed or laid off, it would have specifically excluded all other unemployed persons.

In *Kennedy v Auto-Owners Ins Co,*[1] the insured was unemployed when injured in a motor vehicle accident because he had returned to college. During previous school years, he had worked full-time in the summer and part-time during the school year. Finding that plaintiff was temporarily unemployed, rather than unemployed, since he could show that he would have been employed part-time at school had he not been injured, the *Kennedy* Court held that he was entitled to wage loss benefits.

In another work loss case, *Oikarinen v Farm Bureau Mutual Ins Co of Michigan,*[2] the plaintiff maintained that he was temporarily unemployed

[1] 87 Mich App 93; 273 NW2d 599 (1978).

[2] 101 Mich App 436; 300 NW2d 589 (1980), lv den 411 Mich 908 (1981).

within the meaning of the statute because he intended to return to work. Prior to the date of his accident, the plaintiff had been unemployed for four years, the last two years after voluntarily leaving college. This Court held that a bare assertion of intent to secure employment, absent actions taken to obtain employment during the period of unemployment, is insufficient to render an injured party "temporarily unemployed".[3]

The word "temporarily" has been defined as "for a limited time, for the time being, not permanently".[4] In *Fleckenstein v Citizens' Mutual Automobile Ins Co*,[5] the Michigan Supreme Court adopted the following definition of "temporarily":

" 'The word "temporary" has no fixed meaning in the sense that it designates any fixed period of time. It is a word used in contradistinction to permanent. * * * There is no doubt that the insured removed these blankets to the logging camps at the beginning of the logging season with the intention of returning them to his farm after the logging season was over. This clearly negatives the idea that the removal was permanent. If not permanent, it must have been temporary.' "

In the within matter, the stipulated set of facts reveals that plaintiff was unemployed for less than eight weeks at the time of the injury. Although he was discharged from his most recent employment because of repeated absenteeism and had not received any employment offers, he intended to secure employment, as evidenced by his application for employment with four or five prospective employers. The stipulated set of facts tends to show that, unlike the injured party in *Oikarinen, supra,*

---

[3] *Id.,* p 439.

[4] *Vercruysse v Ulaga,* 229 Mich 49, 52; 201 NW 192 (1924).

[5] 326 Mich 591, 598; 40 NW2d 733 (1950).

plaintiff's unemployed status would not have been permanent but for the motor vehicle accident.

We conclude that had the Legislature intended to circumscribe the class of unemployed persons eligible for wage loss benefits, it would have specifically excluded unemployed persons, other than those who are unemployed as a result of seasonal employment or involuntary layoffs, from the class of individuals entitled to wage loss benefits.

Accordingly, summary judgment was appropriately granted under GCR 1963, 117.2(3). Plaintiff was temporarily unemployed on the date of his accident and, therefore, was entitled to wage loss benefits under MCL 500.3107a; MSA 24.13107(1).

Affirmed.