SMITH v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 80725. Submitted February 13, 1985, at Lansing.—Decided May 20, 1985. Leave to appeal applied for.

Plaintiff, Rodney Smith, was injured in an automobile accident while employed by General Motors Corporation and became totally disabled. Defendant, League General Insurance Company, began paying plaintiff wage-loss benefits, but refused to pay for seven months during which plaintiff was incarcerated. Plaintiff brought an action against defendant in the Oakland Circuit Court and the court, Robert L. Templin, J., granted summary judgment for defendant. Plaintiff appealed. *Held:*

1. A worker who, as a result of injury due to an automobile accident, is eligible for work-loss benefits is not automatically ineligible for such benefits for a period of time during which he is incarcerated. Such a person should have an opportunity to establish that the period of incarceration constituted temporary unemployment for which benefits may be collected.

Reversed and remanded.

Insurance — No-Fault Insurance — Wage-Loss Benefits — Temporary Unemployment — Incarceration.

A worker who, as a result of injury due to an automobile accident, is eligible for work-loss benefits is not automatically ineligible for such benefits for a period of time during which he is incarcerated; such a person should have an opportunity to establish that the period of incarceration constituted temporary unemployment for which benefits may be collected (MCL 500.3107a; MSA 24.13107[1]).

*Thomas Lazar, P.C.* (by *Thomas Lazar*), for plaintiff.

*Zweig & Harkness, P.C.* (by *Warren M. Heiter*), for defendant.

References for Points in Headnote

7 Am Jur 2d, Automobile Insurance § 361.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and E. M. THOMAS,* JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff appeals as of right from a trial court order granting defendant's motion for summary judgment. Plaintiff had been injured in an automobile accident while employed by General Motors Corporation. There is no dispute that plaintiff is entitled to his wage-loss benefits, as he has been permanently disabled. For reasons irrelevant to this action, plaintiff was incarcerated from October 4, 1983, through May 3, 1984. Defendant refused to pay plaintiff the wage-loss benefits for the period of time he was in jail although the benefits due both before and after the jail term have been paid. On appeal plaintiff asserts that his incarceration was not a sufficient reason to discontinue his wage-loss benefits for that period of time.

The trial judge and defendant rely upon *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146; 350 NW2d 233 (1984). In that case the claimant was injured in an auto accident and awarded benefits for 28 months. Two weeks after the accident, he suffered a heart attack. The Supreme Court held that the wage-loss benefits are only to compensate for that amount the injured person *would* have earned had the auto accident not occurred. *Id.,* p 152. Since the Court believed that the claimant would have been unable to work once he had the heart attack, regardless of the accident, the claimant was only permitted benefits for the two-week period between the accident and the heart attack. In the instant case we are being asked to expand this reasoning. Defendant maintains that plaintiff would not have received earn-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ings during his incarceration. We decline defendant's invitation to speculate.

If plaintiff had not been physically disabled from the auto accident, perhaps he would have qualified for a work-release program. Nor do we find this dispositive. MCL 500.3107a; MSA 24.13107(1) was discussed in *MacDonald, supra,* where the Supreme Court said:

> "It allows persons temporarily unemployed at the time of an automobile accident to recover benefits notwithstanding that they have no existing wage, and it allows those already receiving work-loss benefits to continue receiving benefits for those temporary periods when they would have had no wage had the accident not occurred. But § 3107a does not expressly state that persons unable to work for physical reasons are temporarily unemployed, and we cannot read such a meaning into the statute.
>
> "The phrase 'temporarily unemployed', it is evident to us, refers to the unavailability of employment, not the physical inability to perform work." *MacDonald, supra,* p 153.

We believe that this is simply a period of temporary unemployment and we will not equate physical inability to work with incarceration. The plaintiff has not suffered a permanent subsequent disabling injury as did the plaintiff in *MacDonald, supra.* Were we to accept defendant's argument, that holding may be extended too far. What if plaintiff had elective surgery or went on an extended vacation; would he then lose his wage-loss benefits?

Accordingly, we do not find this to be a proper matter for summary judgment. Plaintiff should have the opportunity to show that he was only temporarily unemployed, within the meaning of MCL 500.3107a; MSA 24.13107(1). We therefore reverse and remand for trial.

Reversed and remanded. Costs to appellant.