LUBERDA v FARM BUREAU GENERAL INSURANCE COMPANY

Docket No. 95418. Submitted May 13, 1987, at Lansing. Decided October 5, 1987.

David Luberda was the driver of an automobile which was involved in a single-car accident. The accident resulted in serious injury to Luberda and killed his passenger. Farm Bureau General Insurance Company, insurer of the vehicle, paid Luberda work-loss and other benefits. Luberda was charged with and convicted of negligent homicide in the death of the passenger in his automobile and was sentenced to serve six months in the Arenac County Jail. Upon the incarceration of Luberda, the insurer suspended payment of work-loss benefits. Luberda commenced an action in Arenac Circuit Court against Farm Bureau General Insurance Company, seeking restoration of the work-loss benefits during the period of his incarceration. Each party filed a motion for summary disposition, with plaintiff's motion being accompanied by the affidavit of the Arenac County Sheriff which averred that, had plaintiff been able to work, the sheriff would have released plaintiff on a work-release program for the entire duration of his jail sentence. The trial court, Carl L. Horn, J., granted defendant's motion, finding that defendant was not obligated to pay no-fault work-loss benefits during plaintiff's incarceration. Plaintiff appealed.

The Court of Appeals *held:*

1. Since plaintiff was not available for work during the period of his incarceration, he suffered no loss of income for work he would have performed if he had not been injured and, accordingly, he became ineligible for work-loss benefits during that period. The fact that his incarceration was the result of the automobile accident does not change the fact that his loss of income was not a result of his injury.

2. The sheriff's affidavit was not sufficient to establish that

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

plaintiff's loss of income was the result of his injuries, since it is the circuit court rather than the sheriff which determines whether a convicted person should be placed on a work-release program.

Affirmed.

1. INSURANCE — NO-FAULT — WORK-LOSS BENEFITS — INCARCERATION.

A worker who, as a result of injury due to an automobile accident, is eligible for no-fault work-loss benefits becomes ineligible for such benefits for such periods of time that he is incarcerated, since during such periods there is no loss of income for work which the insured would have performed if he had not been injured; the loss of eligibility for work-loss benefits occurs even if the incarceration arose out of criminal charges relating to the automobile accident giving rise to the claimant's injuries (MCL 500.3107a; MSA 24.13107[1]).

2. EVIDENCE — AFFIDAVITS — INCARCERATION — WORK RELEASE PROGRAMS.

An affidavit by a sheriff that, if an individual had been able to work, that individual would have been on a work-release program for the duration of the individual's jail sentence is not sufficient to establish that the individual was unable to work because of the injuries sustained in an automobile accident rather than because of his incarceration, since it is the circuit court rather than the sheriff which determines eligibility for a work-release program.

*Ronald M. Bergeron,* for plaintiff.

*Stertz & Weaver, P.C.* (by *James R. Johnson*), for defendant.

Before: DANHOF, C.J., and MACKENZIE and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Plaintiff appeals an order of summary disposition by the Arenac Circuit Court which held that plaintiff's automobile insurer, the defendant herein, properly suspended no-fault work-loss benefits upon plaintiff's incarceration in the county jail.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On November 25, 1985, plaintiff was involved in a single-car automobile accident. Plaintiff was seriously injured and his passenger was killed. Initially, defendant paid plaintiff work-loss benefits and other benefits due under plaintiff's auto insurance policy with defendant. However, when plaintiff was incarcerated in June of 1986 on a charge of negligent homicide, defendant suspended work-loss payments. The negligent homicide charge was brought as a result of the passenger's death. Plaintiff's term of incarceration was six months.

On July 24, 1986, plaintiff filed the instant action in an attempt to force defendant to resume work-loss payments. Both parties filed motions for summary disposition. Plaintiff attached to his motion an affidavit by James Mosciski, the sheriff of Arenac County. In the affidavit, Sheriff Mosciski averred that, if plaintiff had been able to work, he would have released plaintiff on a work-release program for the entire duration of his jail sentence.

The trial court granted defendant's motion for summary disposition, finding the instant case was controlled by *Smith v League General Ins Co,* 424 Mich 893; 382 NW2d 168 (1986).

On appeal, plaintiff argues that *Smith* is distinguishable. In *Smith,* the plaintiff was incarcerated on an offense unrelated to the accident which caused his disabling injuries. In the instant case, plaintiff's injuries and his conviction stem from the same accident. Plaintiff also argues that the sheriff's affidavit was sufficient proof that he would have been available for work but for the accident to withstand a motion under MCR 2.116(C)(10).

In *Smith,* the Supreme Court summarily reversed this Court's decision at 143 Mich App 112; 371 NW2d 491 (1985). This Court had held that, despite the insured's incarceration, he was still

entitled to receive work-loss benefits. The Supreme Court explained its reversal by a simple citation to its decision in *McDonald v State Farm Mutual Ins Co,* 419 Mich 146; 350 NW2d 233 (1984). In *McDonald,* the Court held that a disabling heart attack, which occurred two weeks after the insured sustained disabling injuries in an automobile accident, relieved the insurer from further obligation to pay work-loss benefits. The Court found that the heart attack was an independent intervening cause of disability which would have prevented the plaintiff in that case from earning wages even if the accident-related injuries had not occurred.

We believe plaintiff's arrest, conviction and resulting incarceration is a similarly independent intervening event preventing plaintiff's gainful employment. We reach this conclusion despite the fact that plaintiff's disabling injuries and his incarceration arose from the same event, the automobile accident. The statute provides that benefits be paid for loss of income for work an insured would have performed *"if he had not been injured."* In contrast, plaintiff seeks work-loss benefits for work he would have performed *if he had not been involved in the accident.* However, the statute clearly requires that the cause of the work loss be the accident-related injuries, not the accident itself. Plaintiff's incarceration is clearly unrelated to the injuries he sustained.

Plaintiff points to *McDonald, supra,* p 152 where the Supreme Court stated:

> [W]ork-loss benefits are available to compensate only for that amount that the injured person would have received had the *automobile accident* not occurred. [Emphasis added.]

In *McDonald,* the Supreme Court was faced with a

situation of two independent disabling injuries, one which was accident-related and one which was not. *McDonald* did not purport to decide, as is the issue here, whether the cause of the work loss must be the injuries sustained in the accident or the accident itself. The context of the above language appears to indicate that the Court used the phrase "automobile accident" as a synonym for "accident-related injuries." Again, the statute specifically provides that the cause of work loss must be the injuries sustained by the insured. We are not convinced the Supreme Court intended the above-quoted language to have the import plaintiff advances.

As to plaintiff's claim that he sufficiently demonstrated that his incarceration would not have barred him from continuing gainful employment if his injuries had not prevented him from doing so, we find the affidavit of Sheriff Mosciski to be lacking. MCL 801.251; MSA 28.1747(1) requires that a jail inmate petition the circuit court for the privilege of participating in a work-release program. The statute does not indicate that a sheriff has any authority to make such a decision. Thus, plaintiff's showing was no greater than the showing in *Smith, supra,* 143 Mich App 114, where this Court stated:

> If plaintiff had not been physically disabled from the automobile accident, perhaps he would have qualified for a work-release program.

Since the Supreme Court summarily reversed this Court's decision in *Smith,* it must be concluded that a possibility that an inmate might have been released for work is an insufficient demonstration that the insured would have received income from employment "if he had not been injured."

Affirmed.