O'NEAL v ALLSTATE INSURANCE COMPANY

Docket No. 105644. Submitted August 10, 1988, at Grand Rapids. Decided April 4, 1989.

David O'Neal sustained a hand injury in a single-car accident on May 13, 1985. The injury prevented him from continuing his employment. Allstate Insurance Company paid O'Neal work-loss benefits pursuant to his no-fault insurance policy until June 29, 1986, when Allstate determined that O'Neal could exercise seniority rights which would enable him to return to favored-work status with medical restrictions. O'Neal denied that he could exercise such rights and filed suit against Allstate in Muskegon Circuit Court to force Allstate to continue the work-loss benefits. On September 19, 1986, O'Neal's employer closed one of its plants and there was testimony that the closing of that plant would result in O'Neal's not having a job available to him after January, 1987. Allstate moved for summary disposition claiming there was no issue of material fact and that O'Neal failed to state a claim for wage-loss benefits accruing after December 31, 1986. The court, Ronald H. Panucci, J., granted summary judgment in favor of Allstate, allowing it to stop payments after April 1, 1987. O'Neal appealed.

The Court of Appeals *held:*

A person injured in an automobile accident can receive from his no-fault insurer wages lost due to the injury, even if he was temporarily unemployed at the time of the accident or becomes temporarily unemployed during the period of disability. The phrase "temporarily unemployed" in this context refers to the unavailability of employment, not the physical inability to perform work. O'Neal should receive wage-loss benefits as long as he is disabled, up to the statutory three-year limit. His claim is not unenforceable as a matter of law and there exists an issue of material fact as to the degree of O'Neal's disability. It was error to grant summary disposition in favor of Allstate.

Reversed and remanded.

· REFERENCES

Am Jur 2d, Automobile Insurance § 361.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

INSURANCE — NO-FAULT — WORK-LOSS BENEFITS — TEMPORARY UN-
  EMPLOYMENT.
  A person injured in an automobile accident can receive from his
    no-fault insurer wages lost due to the injury, even if he was
    temporarily unemployed at the time of the accident or becomes
    temporarily unemployed during the period of disability; the
    phrase "temporarily unemployed" refers to the unavailability
    of employment, not the physical inability to perform work
    (MCL 500.3107a; MSA 24.13107[1]).

*McCroskey, Feldman, Cochrane & Brock, P.C.*
(by *Eric C. Lewis*), for plaintiff.

*Nelson & Kreuger, P.C.* (by *Jon J. Schrotenboer*),
for defendant.

Before: HOLBROOK, JR., P.J., and MURPHY and
C. O. GRATHWOHL,* JJ.

PER CURIAM. Plaintiff appeals as of right the
granting of summary disposition in favor of defen-
dant. Plaintiff sustained a hand injury in a single-
car accident that prevented him from continuing
his employment. Defendant paid plaintiff wage-loss
benefits under plaintiff's no-fault insurance policy.
Defendant stopped paying wage-loss benefits to
plaintiff and alleged that such payments should
not be paid to plaintiff because plaintiff's employer
closed the factory at which plaintiff had worked.

On May 13, 1985, plaintiff was driving to work
in the morning when he had a flat tire. Plaintiff
injured his left ring finger while attempting to
change the flat tire. Plaintiff was then unable to
perform his job as an iron pourer at the CWC
Foundry in Muskegon, Michigan. Defendant, pur-
suant to plaintiff's no-fault policy, commenced pay-
ing plaintiff wage-loss benefits.

On June 29, 1986, defendant discontinued pay-
ing plaintiff wage-loss benefits as defendant deter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mined that plaintiff had enough seniority within his union to have bumping rights, rights which would have enabled plaintiff to obtain favored work consistent with his medical restrictions. Plaintiff filed the instant suit against defendant, to force defendant to continue the wage-loss benefits.

As the instant suit progressed, defendant deposed Stephen P. Ives, manager of industrial relations at CWC. Ives stated that plaintiff worked at Plant No. 5, and that CWC closed Plant 3 on September 19, 1986. Thus, Ives concluded, because of the closing of Plant 3, plaintiff would not have a job available to him, with or without medical restrictions, after the first quarter of 1987.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Defendant claimed there was no issue of material fact and that plaintiff failed to state a claim for wage-loss benefits accruing after December 31, 1986. The trial court granted defendant's motion without stating if it was pursuant to (C)(8) or (C)(10). The trial court did note that defendant's motion was granted from April 1, 1987.

A motion for summary disposition under MCR 2.116(C)(8) tests only the legal sufficiency of the pleadings. The court must accept as true all well-pled factual allegations as well as any conclusions which can reasonably be drawn therefrom. The court may grant the motion only when the claim, on the pleadings alone, is so clearly unenforceable as a matter of law that no factual development could possibly justify the right to recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

In contrast, a summary disposition motion pursuant to MCR 2.116(C)(10) based on the lack of a genuine issue of material fact tests whether there is factual support for the claim. The court must

consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of any reasonable doubt to the nonmoving party, the court must determine whether the type of record which might be developed would raise an issue upon which reasonable minds might differ. *Scameheorn, supra.*

By statute in Michigan a person injured in an automobile accident can receive from his insurer wages lost due to the injury. MCL 500.3107; MSA 24.13107. This is true even if the injured person was temporarily unemployed at the time of the accident. MCL 500.3107a; MSA 24.13107(1) states:

> Subject to the provisions of section 3107(b), work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident.

Our Supreme Court interpreted § 3107a and stated:

> The phrase "temporarily unemployed," it is evident to us, refers to the unavailability of employment, not the physical inability to perform work. The legislative analysis of HB 4221 [HB 4221 became MCL 500.3107a; MSA 24.13107(1)] reveals a legislative concern with those who but for their disability could have received unemployment compensation as a substitute income. [*MacDonald v State Farm Mutual Ins Co,* 419 Mich 146, 153; 350 NW2d 233 (1984).]

This Court has stated:

> We conclude that had the Legislature intended to circumscribe the class of unemployed persons eligible for wage loss benefits, it would have specif-

ically excluded unemployed persons, other than those who are unemployed as a result of seasonal employment or involuntary layoffs, from the class of individuals entitled to wage loss benefits. [*Szabo v DAIIE,* 136 Mich App 9, 14; 355 NW2d 619 (1983).]

In the instant case, plaintiff should receive wage-loss benefits as long as he is disabled for the statutory three-year period. The statute treats plaintiff the same as an employee who is injured during a layoff. Plaintiff's claim is not unenforceable as a matter of law and there exists an issue of material fact as to the degree of plaintiff's disability. It was error to grant summary disposition in favor of defendant pursuant to either MCR 2.116(C)(8) or (C)(10).

Defendant argues that the instant case is controlled by *Luberda v Farm Bureau General Ins Co,* 163 Mich App 457; 415 NW2d 245 (1987), and *Smith v League General Ins Co,* 424 Mich 893; 382 NW2d 168 (1986). However, the plaintiffs in *Smith* and *Luberda* suffered work loss due to incarceration in prison, and the cases can be distinguished from the case at bar.

Reversed and remanded.