### FABBRO *v.* SODERSTROM.

1. MOTOR VEHICLES—NEGLIGENCE—QUESTION FOR JURY.

In action for personal injuries received in automobile collision at street intersection, where there was testimony that plaintiff reached intersection first and had gone so far that had defendant continued on proper side of street collision would not have occurred, question of defendant's negligence was for jury.

2. DAMAGES—LOSS OF EARNINGS—EVIDENCE.

In absence of competent testimony as to plaintiff's loss of earnings, trial court was in error in submitting said question to jury.

3. SAME—MEASURE OF DAMAGES FOR LOSS OF EARNINGS.

Measure of damages for loss of plaintiff's earnings is value in open market of labor and services which he had been able to perform before injury and which because thereof he was unable to perform thereafter.

4. SAME—INSTRUCTION—TRIAL.

Instruction that plaintiff was entitled to recover what he had paid to have his work done while he was disabled by injury was error, in absence of evidence showing that amount paid was market value of such services.

5. APPEAL AND ERROR—DAMAGES—CURING ERROR.

Error in submitting question of plaintiff's loss of earnings to jury in absence of evidence as to market value thereof was not reversible, where court, in denying motion for new trial, reduced verdict in amount sufficient to cure any prejudicial effects thereof.

6. NEW TRIAL—CORRECTING VERDICT.

If verdict is against clear weight of evidence, it is duty of judge to correct it on motion for new trial.

7. APPEAL AND ERROR—WEIGHT OF EVIDENCE.

Where trial judge has weighed evidence and approved verdict, Supreme Court should not disturb it unless there are clear reasons for doing so.

Right of way at intersection of street or highway, see annotation in 21 A. L. R. 974; 37 A. L. R. 493; 47 A. L. R. 595.

Measure of damages for loss of earning capacity of person engaged in business for himself, see annotation in 9 A. L. R. 510; 27 A. L. R. 430.

8. SAME.

> That jury accepted plaintiff's testimony although contradicted by three witnesses does not require reversal of verdict as against weight of evidence, in absence of showing that jury was influenced ·by prejudice, sympathy, or any matter other than evidence.

Error to Kent; Brown (William B.), J. Submitted October 7, 1930. (Docket No. 12, Calendar No. 34,975.) Decided December 2, 1930.

Case by Andrew Fabbro against Conrad J. Soderstrom for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Lloyd E. Cooper* (*Roger I. Wykes,* of counsel), for plaintiff.

*Mason, Alexander & McCaslin* (*Clifford A. Mitts,* of counsel), for defendant.

McDONALD, J. This action was brought to recover damages for injuries received in an automobile accident which occurred at the intersection of Willard avenue and Griggs street in the city of Grand Rapids, Michigan. The negligence charged is that defendant did not yield the right of way which the circumstances required him to do, that he did not have control of his car, that he turned it to the left toward the wrong side of the street instead of driving to the north behind the plaintiff's car, where he had ample space to pass.

On the trial the defendant moved for a directed verdict on the ground that there was no evidence of his negligence and that the plaintiff was guilty of contributory negligence as a matter of law. The

motion was denied and the issues submitted to the
jury. The verdict was in favor of the plaintiff in
the sum of $2,250. On motion for a new trial, the
court reduced it to $1,500 and the plaintiff accepted
the reduction. Judgment was entered for that
amount, and the defendant brings error, asking a
reversal on the ground that the court erred in re-
fusing to direct a verdict in his favor, that there was
error in permitting the plaintiff to recover for loss
of earnings, and that the verdict was against the
great weight of the evidence.

There is no merit to the claim that the court erred
in refusing to direct a verdict for the defendant.
The testimony most favorable to the plaintiff shows
that, as the two cars approached the intersection,
he was driving south on the right side of Willard
avenue and was closer to the corner than the de-
fendant, who was coming west on Griggs street.
Whether the circumstances were such as to give the
plaintiff the right of way was a question for the
jury. The plaintiff testified that when he reached
the intersection he slowed his speed to allow a car
coming from the west to cross in front of him, that
when it passed he started across and had gone far
enough so that there was ample space for the de-
fendant, driving on the proper side of the street, to
pass behind him, that instead of doing so the defend-
ant turned to the left and ran into the plaintiff and
subsequently admitted that, at the time of the acci-
dent, he had lost control of his car. This testimony
tends to show the defendant was negligent and that
the plaintiff was free from negligence. It presented
a question for the jury. The court did not err in
submitting it.

In view of the lack of competent testimony as to
loss of earnings, the trial court was wrong in sub-

mitting to the jury that element of the plaintiff's damages. At the time of the accident, the plaintiff was an independent contractor engaged in the business of laying tile floors and doing marble and terrazza work. He testified that, while disabled by his injuries, he paid a man $10 a day to do his work. There was no evidence of value. The court instructed the jury that he was entitled to recover the amount he had paid for such services.

"The true measure of plaintiff's damages upon this branch of the case would be the value in the open market of the labor and services which he had been able to perform before the injury and which because of the injury he was unable to perform thereafter." *Seabury* v. *Railway,* 194 Mich. 423.

This error was called to the attention of the court in a motion for a new trial. It was there claimed that the verdict was excessive to the extent of what the jury might have allowed for loss of earnings. In deciding the motion, the court made a substantial reduction in the amount of the verdict, a reduction quite sufficient to cure any prejudicial effects that may have followed from the error in permitting a recovery for loss of earnings. The verdict as reduced is very reasonable in view of the evidence on other elements of the plaintiff's damages. The error was without prejudice.

Considering the fact that in finding a verdict for the plaintiff the jury accepted the testimony of one witness against that of several, it is urgently insisted by the defendant that the court erred in denying his motion for a new trial.

The jury is the trier of the facts. If their verdict is against the clear weight of the evidence, it is the duty of the trial judge to correct it. He has an

opportunity to do so in passing on a motion for a new trial. When he has weighed the evidence and approved of the verdict, this court will not disturb it unless there are very clear reasons for doing so. The consideration which this court will give to his judgment is well stated in applicable language by Justice FELLOWS in *Pachuczynski* v. *Railway,* 202 Mich. 594:

"But in the determination of the question in this court it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence."

In the instant case, the plaintiff's testimony was squarely contradicted by that of three witnesses to the accident, but there is nothing in the record to indicate that the jury was influenced by prejudice or sympathy or by any other matter than the evidence. There was evidence to support their verdict, and we cannot say that they did not correctly weigh it. The trial judge was of that opinion and we agree with him.

The judgment is affirmed, with costs to the plaintiff.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.