## MURCHIE v. STANDARD OIL COMPANY.

1. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
   The fact of negligence, seldom established by such direct and positive evidence that it can be taken from consideration by the jury, is almost always deducible as an inference of fact, from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their force and weight considered.

2. SAME—FUEL-OIL SUPPLIER—QUESTION FOR JURY.
   Whether or not defendant deliveryman, an agent of supplier of fuel oil, and the latter, also a defendant, were guilty of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence § 344.
[3] 3 Am Jur, Appeal and Error § 981.
[4, 15] 39 Am Jur, New Trial §§ 131, 201.
[5] 3 Am Jur, Appeal and Error § 883.
[6] 3 Am Jur, Appeal and Error § 890.
[7] 38 Am Jur, Negligence § 372.
[8, 9] 58 Am Jur, Witnesses § 557.
  Propriety of conduct of trial judge in propounding questions to witnesses in criminal case. 84 ALR 1172.
[10] 53 Am Jur, Trial § 34.
[11] 38 Am Jur, Negligence § 342.
[12] 20 Am Jur, Evidence § 302 et seq.
[13] 39 Am Jur, New Trial § 156 et seq.
[14] 39 Am Jur, New Trial §§ 160, 164, 165.
[16] 39 Am Jur, New Trial § 202.

negligence in supplying some 26,000 gallons of fuel oil to 3,000-gallon underground tank at residence of plaintiffs' neighbor during course of 22-month period, pursuant to such neighbor's order to keep her fuel-oil tank full at all times, *held,* a question for jury under evidence presented, it also appearing that such neighbor paid therefor without complaint, notwithstanding that preceding supplier of oil had furnished 2,648 and 2,890 gallons for preceding 2 years.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DENIAL OF NEW TRIAL.

The question before the Supreme Court on plaintiff's appeal from denial of their motion for new trial after jury found defendants had not been guilty on question of negligence which had been properly submitted to jury under evidence presented and proper instructions as to law were given, was whether or not the trial court erred in not granting the motion for new trial.

4. NEW TRIAL—DISCRETION OF COURT—CLEAR WEIGHT OF EVIDENCE.

Generally, the granting of a new trial rests in the sound discretion of the court and only where the verdict is manifestly against the clear weight of the evidence will a new trial be granted.

5. APPEAL AND ERROR—QUESTIONS FOR JURY—GREAT WEIGHT OF EVIDENCE.

The Supreme Court does not substitute its judgment on questions of fact unless the verdict of the jury was contrary to the great weight of the evidence.

6. SAME—VERDICT—GREAT WEIGHT OF THE EVIDENCE—NEW TRIAL.

The Supreme Court examines the record, when it is claimed the jury's verdict is against the weight of the evidence, to determine whether the verdict is so contrary to the great weight of the evidence as to disclose an unwarranted finding, or whether the verdict is so plainly a miscarriage of justice as to call for a new trial, but will only grant a new trial when it concludes that the verdict is manifestly against the clear weight of the evidence.

7. NEGLIGENCE—FUEL-OIL DELIVERIES—EVIDENCE—NEW TRIAL.

New trial was properly denied in householder's action against fuel-oil supplier and its deliveryman for claimed negligence in delivering excessive quantities of fuel oil to adjacent property owner's 3,000-gallon underground fuel-oil tank from which it escaped and ruined plaintiffs' shrubs, plants, trees, and hedges, where evidence of negligence was not clear-cut and over-

whelming, jury was able to see the witnesses testify and observe their demeanor on the stand and then found the defendants were not guilty of negligence.

8. TRIAL—WITNESSES—QUESTIONS BY COURT—DISCRETION OF COURT.
   A trial judge has a right to ask questions of witnesses, in his discretion, in order to produce fuller and more exact testimony.

9. NEGLIGENCE—FUEL-OIL DELIVERIES—QUESTIONS BY COURT—CURATIVE INSTRUCTIONS.
   Questions, few in number, asked by trial court in householders' action against fuel-oil supplier and its deliveryman for claimed negligence in delivering excessive quantities of fuel oil to adjacent property owner's 3,000-gallon underground fuel-oil tank which may have raised the natural implication that defendants would not be liable for damages to plaintiffs' shrubs, trees, plants, and hedges unless the neighbor complained of the amount of oil being delivered *held*, not to have been prejudicial nor beyond trial judge's proper function or to have disturbed the atmosphere or impartiality of the courtroom which the trial judge is charged with maintaining, especially in view of curative nature of instructions carefully delineating trial judge's efforts to avoid even an inadvertent communication to the jury of his opinion of the facts.

10. TRIAL—CONDUCT OF TRIAL—DISCRETION OF COURT.
    Generally, the conduct of a trial is, to a large extent, under the control of the presiding judge who has considerable discretion as to the manner of procedure and any error he may commit must be prejudicial in order to be reversible.

11. NEGLIGENCE—FUEL-OIL SUPPLIER—TEMPORARY EXCLUSION OF TESTIMONY—PREJUDICE.
    Reversible prejudicial error in the temporary exclusion of testimony by the trial judge as to matters affecting consumption of fuel oil at neighbor's home *held*, not to have been committed in householders' action against fuel-oil supplier and its deliveryman for negligence in delivering excessive quantities of fuel oil to 3,000-gallon underground fuel-oil tank of neighbor, which escaped and damaged plaintiffs' shrubs, plants, trees, and hedges, where trial court was quite liberal with plaintiffs and there is no showing defendants had any knowledge of facts plaintiffs were attempting to show.

12. EVIDENCE—ADMISSION—BASIS OF SIMILARITY.
    Exclusion of testimony as to consumption of fuel oil by hot water heater after it had been removed from plaintiffs' neighbor's house, cleaned, readjusted, and reinstalled in home of

witness whose testimony was proffered in action for damages to plaintiffs' shrubs, trees, plants, and hedges from excessive oil which had been allegedly negligently delivered by defendants to plaintiffs' neighbor's 3,000-gallon underground fuel-oil tank during course of 22-month period *held*, not an abuse of discretion, where proper foundation of similarity was not laid.

13. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor as the policy of the law is to require of parties care, diligence and vigilance in securing and presenting evidence.

14. SAME—NEWLY-DISCOVERED EVIDENCE.
Newly-discovered evidence to entitle one to a new trial must be shown to be material, not merely cumulative, that it be such as to render a different result probable on retrial and that the party could not, with reasonable diligence, have discovered and produced it at the trial.

15. SAME—DISCRETION OF COURT.
The granting of a new trial rests largely in the discretion of the trial judge.

16. NEGLIGENCE—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT—AVAILABILITY OF EXPERTS.
It was not an abuse of discretion on the part of the trial judge in negligence action, arising out of alleged excessive deliveries of fuel oil to plaintiffs' neighbor's house and which leaked out and came upon plaintiffs' land and destroyed shrubs, plants, trees, and hedges, to deny new trial sought on ground of newly-discovered evidence, where plaintiff had relied upon only 1 expert witness, and it is not shown that the experts, local residents, now sought to be presented were not available at the time of the trial.

Appeal from Grand Traverse; Glennie (Philip J.), J., presiding. Submitted January 8, 1959. (Docket No. 37, Calendar No. 47,713.) Decided February 20, 1959. Rehearing denied April 13, 1959.

Case by Robert B. Murchie and Lulu A. Murchie against Standard Oil Company, an Indiana corporation, and William C. Mavety for damage to property caused by excessive deliveries of fuel oil to

leaking underground tank nearby. Verdict and
judgment for defendants. Plaintiffs appeal. Affirmed.

*Murchie, Calcutt & Brown (William R. Brown,* of
counsel), for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin
(Don V. Souter,* of counsel), for defendants.

Kavanagh, J. Plaintiffs are residents of the city
of Traverse City, Michigan, and are the owners of
a residence on Peninsula drive. At the time the
alleged cause of action arose, Elizabeth C. Randall,
now deceased, was the owner of a residence south of
and adjacent to the plaintiffs' residence. Mrs.
Randall had a 3,000-gallon underground fuel-oil tank
which supplied oil for heat and hot water in her
residence.

Shortly prior to June 27, 1950, having learned that
her fuel-oil tank had run dry, Mrs. Randall changed
from the Sinclair Refining Company to the defendant
Standard Oil Company as a supplier of fuel oil. She
instructed the agents of the Standard Oil Company
to keep her fuel-oil tank full at all times.

Beginning on June 27, 1950, and continuing until
May 2, 1952, defendant Standard Oil Company made
deliveries of fuel oil to the Randall residence. Said
deliveries were made with a truck owned by the
defendant William C. Mavety, who was admittedly
an agent of the Standard Oil Company. Between
June 27, 1950, and May 2, 1952, a total of 26,000
gallons of oil were put in that 3,000-gallon oil tank
by the defendants, and paid for without objection by
Mrs. Randall despite the fact that in the year 1949
the Randall residence used only 2,648 gallons and
in 1950 only 2,890 gallons.

During the month of May, 1952, it was discovered there was a leak in the bottom of the 3,000-gallon fuel-oil tank on the Randall property, and that large quantities of the fuel oil delivered by the defendants had escaped from the tank into the ground where it followed a course to the lower levels of the Randall and Murchie properties.

Plaintiffs instituted this action to recover damages to their property, consisting of the destruction of a cedar hedge and other trees, plants and shrubs in the amount of $2,500.

Plaintiffs alleged that the defendants were guilty of negligence in carelessly, recklessly and negligently delivering excessive amounts of oil to the Randall residence when the defendants knew, or by the exercise of a reasonable degree of care and prudence should have known, that said oil was escaping from said tank, and as a result thereof a dangerous situation was being created and great damage would result therefrom; that as a result of the negligence of the defendants plaintiffs were damaged to the extent of $2,500 to replace the shrubs, plants, trees, and hedges destroyed by said oil; and that the said negligence of said defendants was the proximate cause of the damages.

Defendants deny they had any knowledge as to how much oil was required to heat the residence of Elizabeth Randall and affirmatively aver that they were merely complying with her demands to keep the tank full. Defendants deny that the escaping fuel oil resulted from any negligence on their part.

The case was tried to a jury. A verdict of no cause for action was returned. Plaintiffs made a motion for new trial alleging the following reasons: (1) that the verdict of the jury therein is contrary to law; (2) that the court erred in asking certain questions because they raised the natural implication that the defendants would not be liable unless Mrs.

Randall complained of the amount of oil being delivered; (3) that the court erred in first excluding, although subsequently admitting, evidence as to the number of bathrooms and other hot water outlets and the number of persons in the Randall house, the court's ruling in this respect being prejudicial; (4) that the court erred in excluding testimony as to the amount of fuel oil burned in the hot water heater after its removal from the Randall house and its reinstallation in another house unless similar conditions were shown; (5) that subsequent to the rendition of the verdict the plaintiffs discovered new evidence of a material and probably controlling nature consisting of the testimony of E. A. Baxter and Ross Laming who will testify, in substance, that the hot water heater in the Randall house had a maximum capacity for oil consumption, even with the oil adjustment wide open, of 1 gallon per hour, and with the adjustment as it is set today, and presumably was at that time, a capacity of only 3 pints per hour as compared with a maximum capacity testified to by defendant Mavety of 35 gallons per day; (6) that the verdict of the jury therein is contrary to the great weight of the evidence in that the sole question involved was whether the defendants were guilty of any negligence, and such negligence was clearly established by undisputed evidence showing the delivery of excessive gallons of fuel oil.

The trial court in a written opinion denied the motion for a new trial on all grounds. Plaintiffs appeal and allege that the court erred in refusing to grant the motion for new trial for substantially the same reasons outlined above.

It is admitted by plaintiffs that there was sufficient evidence to go to the jury, and that the instructions of the court as to questions of law were properly given.

This Court during the last few years has quoted Justice COOLEY in *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, in which Justice COOLEY, quoting from another case, said (p 123):

" 'The fact of negligence is very seldom established by such direct and positive evidence that it can be taken from the consideration of the jury and pronounced upon as a matter of law. On the contrary, it is almost always to be deduced as an inference of fact, from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their force and weight considered.' "

See, also, *Clark* v. *Shefferly,* 346 Mich 332; and *Kaminski* v. *Grand Trunk Western R. Co.,* 347 Mich 417.

There can be no question that whether the defendants were guilty of negligence was a question for consideration of the jury. The jury found they were not negligent. Therefore, the question before this Court is whether the trial court erred in not granting the motion for new trial.

The Court has set forth certain rules concerning the review of cases on the ground that the verdict is against the great weight of the evidence. In *Van Lierop* v. *Chesapeake & Ohio R. Co.,* 335 Mich 702, 713, Justice SHARPE said:

"It is the general rule that the granting of a new trial rests on the sound discretion of the trial court. It is only in cases where the verdict is manifestly against the clear weight of the evidence that a new trial will be granted. See *Foster* v. *Rinz,* 202 Mich 601; and *Wright* v. *Dwight,* 209 Mich 678."

Justice CHANDLER, in the case of *Finch* v. *W. R. Roach Co.,* 299 Mich 703, 713, said:

" ' "We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction." ' "

In *Molitor* v. *Burns,* 318 Mich 261, 265, Justice Bushnell said:

"While we might have reached a different conclusion if we had been triers of the facts, we cannot say, as a matter of law, that the verdict of the jury was contrary to the great weight of the evidence. *McDuffie* v. *Root,* 300 Mich 286, 298."

While it is true that under the allegation that the verdict rendered is against the weight of the evidence we examine the record in order to determine whether the verdict is so contrary to the great weight of the evidence as to disclose an unwarranted finding, or whether the verdict is so plainly a miscarriage of justice as to call for a new trial, see *In re McIntyre's Estate,* 160 Mich 117; *People* v. *Spencer,* 199 Mich 395; *Patterson* v. *Thatcher,* 273 Mich 597, we only grant a new trial when we conclude from a review of the evidence that the verdict is manifestly against the clear weight of the evidence.

We have examined at length the testimony introduced by both plaintiffs and defendants. The proof with respect to the negligence was not clear cut and overwhelming. There were certain inferences that could have been drawn from which the jury might have found such negligence on the part of the defendants that was the proximate cause of plaintiffs' damages. However, it is within the jury's province to make the inferences. The jury was able to see the witnesses testify and observe their demeanor on the stand, and consequently was in a better position to determine the question of negligence than an appellate court which has before it only a printed brief and appendices. We do not disturb the trial court's denial of the motion without very clear reason for

doing so. This Court is not the trier of the facts. *Fabbro* v. *Soderstrom,* 252 Mich 455; *Kosnicki* v. *Pere Marquette R. Co.,* 217 Mich 245. The record would not justify substituting our judgment for that of the jury. We find that the verdict was not against the great weight of the evidence. The court did not err in denying the motion for new trial for this reason.

As to the second reason, we do not believe that the trial judge's questions, which were actually few in number, went beyond his proper function or disturbed the atmosphere or impartiality of the courtroom which the trial judge is charged with maintaining. A trial court has a right to ask questions in his discretion in order to produce fuller and more exact testimony. *Simpson* v. *Burton,* 328 Mich 557; *Howard* v. *Burton,* 338 Mich 178; *Shandor* v. *Lischer,* 349 Mich 556. Certainly, in light of the charge, no prejudicial error was committed by the questions asked by the trial judge. In the event the trial judge may have approached an improper bound it was certainly cured by the following paragraphs of the charge:

"Now, I am anxious in this case, as in others, to avoid any interference with you in your determination of the facts. I personally have no opinion as to what they really are and, if I had, of course, I have no right to communicate that to you. Anything that I have said or have done during the trial of this case, and anything that I may say or do during this charge, from which you might gain any opinion or form any idea as to what you might think my opinion is, is going to be inadvertent and it has been inadvertent on my part, and it must be disregarded by you.

"The facts are your business, as I have said, and exclusively your business. During the trial I did ask some questions of the witnesses. It is important that you do not, from the tone of voice which I may

have used in asking the questions or from the questions themselves which I asked, form any idea as to what I think about the witnesses. I don't mean to leave any impression with you as to my opinion of any witness. If I did that, I again say it was inadvertent, and it is your duty to disregard it."

As to the third error, plaintiffs claim that they had a right to show the number of guests who stayed at the Randall house and how many times the laundry may have been done there, and to sustain objections to questions that were directed on this point, even though the testimony was subsequently admitted, created prejudicial error in that it placed the plaintiffs in a bad light with the jury. It would appear that on this particular subject the court was quite liberal with plaintiffs, particularly in view of the fact that there was no showing that the defendants had any knowledge of the facts plaintiffs were attempting to show. It is a general rule that the conduct of a trial is, to a large extent, under the control of the presiding judge, who has considerable discretion as to the manner of procedure. It is a further general rule that error, to be reversible, must be prejudicial. We do not find any abuse of discretion in the sustaining of the objections, and certainly could not find any prejudicial error in such action which would justify reversal. Therefore, we conclude the trial judge was correct in denial for this reason.

As to the fourth error, plaintiffs admit that the conditions were not entirely similar in that the hot water heater removed from the Randall house was subsequently installed in the witness' house, which was much smaller in size with a different number of people using the facilities, and since the heater was not in the same mechanical condition that it was in the Randall house, in view of the fact at the time of the installation in the new place it was completely

cleaned and readjusted. In view of the above, a sufficient showing was not made to satisfy the court of the similar conditions and permit the introduction of the testimony. No abuse of discretion can be attributed to the trial court in excluding the evidence since a proper foundation of similarity was not laid.

The remaining ground or reason for granting a new trial involved the question of newly-discovered evidence. A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence. *Canfield* v. *City of Jackson,* 112 Mich 120; *Grossman* v. *Langer,* 269 Mich 506.

There is no showing by plaintiffs that they were unable to procure the name of the oil burner. Actually, the oil burner was owned by one of plaintiffs' own witnesses, Simon Harwood, for a long period prior to the trial. Mr. Harwood testified at length in the trial and the information could have been obtained from him. Mr. Mavety testified:

"Ed Baxter was their service man up there. He handled the Williams Oil-O-Matic, and that is what they had."

There is no showing that Mr. Baxter was not available at the time of trial. The same thing can be said with respect to Ross Laming who was a service man with Mr. Baxter.

The rule as to newly-discovered evidence is stated in *People* v. *Fedderson,* 327 Mich 213, 221, as follows:

" 'To entitle one to a new trial upon this ground it should be shown: First, that the evidence, and not merely its materiality, be newly discovered; second, that the evidence be not cumulative merely; third, that it be such as to render a different result probable on the retrial of the cause; fourth, that the

party could not with reasonable diligence have discovered and produced it at the trial.' "

The granting of a new trial rests largely in the discretion of the trial judge. In this trial plaintiff rested upon the testimony of a single expert witness although with due diligence more experts might have been produced. Counsel relied upon the one witness when several others were available—at least there is no showing that the witnesses plaintiffs now desire to use were not available to them at the time of trial. There was no such diligence shown as to warrant a new trial on account of newly-discovered evidence. *Rubenstein* v. *Purcell,* 276 Mich 433. There was no abuse of discretion on the part of the trial judge in denying the motion for new trial.

The judgment is affirmed, with costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and VOELKER, JJ., concurred.

EDWARDS, J., did not sit.