TEMMERMAN *v.* HORN.

1. APPEAL AND ERROR—VERDICTS—CLEAR WEIGHT OF EVIDENCE.
   The Supreme Court does not disturb the finding of fact by a jury unless it is manifestly against the clear weight of the evidence.

2. MONEY LENT—VERDICT—CLEAR WEIGHT OF EVIDENCE.
   Jury's verdict for plaintiff in action for money loaned, through her agent, to defendant *held,* not against the clear weight of the evidence.

3. TRIAL—SPECIAL QUESTIONS.
   Special questions which are not controlling of the main issue in a jury trial may not be presented to the jury.

4. MONEY LENT—SPECIAL QUESTIONS—STATUS OF DEFENDANT.
   Proposed special questions, involving the capacity of defendant-appellant in receiving money, loaned by plaintiff through her agent, as an employee of other defendant who was dis-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error § 899.
[3, 4] 53 Am Jur, Trial § 1071.

missed at the close of plaintiff's proofs, were properly rejected by the trial court as not controlling of the main issue of whether or not the money was loaned to defendant-appellant, where evidence does not disclose that plaintiff had had any contact with or knew of the defendant who was dismissed or that she knew of any claimed employer-employee relationship between the defendants.

Appeal from Wayne; Robinson (Thomas N.), J., presiding. Submitted October 14, 1959. (Docket No. 71, Calendar No. 47,829.) Decided January 4, 1960.

Action by Margaret Temmerman against Frank J. Horn and against Sam Serra, doing business as Great Lakes Machinery Company, for money loaned. Directed verdict and judgment for defendant Serra. Verdict and judgment for plaintiff against defendant Horn. Defendant Horn appeals. Affirmed.

*Dykema, Jones, Wheat, Spencer & Goodnow*, for plaintiff.

*Milman Andrews*, for defendant.

KELLY, J. Plaintiff's action is based upon 2 theories, namely: (1) that plaintiff expressly loaned $5,000 to defendant; or (2) that the circumstances surrounding the delivery of plaintiff's money to defendant were such that defendant's promise to repay should be implied as a matter of fact and of law.

Defendant Horn received $5,000 delivered to him by Fred Holzbaugh and issued the following receipt to Holzbaugh, who, in turn, delivered it to plaintiff:

"January 6, 1953

"RECEIVED OF MARGARET TEMMERMAN, FIVE THOUSAND AND 00/100 ($5,000.00) DOLLARS TO PURCHASE MACHINERY.

"Signed FRANK J. HORN

Frank J. Horn."

The court instructed the jury as follows:

"It is the claim of the plaintiff that she loaned $5,000 to the defendant, Horn, for the purpose of buying machinery on his own behalf and of starting in business; that she loaned the money through Fred Holzbaugh, who arranged the transaction and transported the $5,000 from her hands to defendant Horn; and Mr. Horn receipted for the money in the name of Mrs. Temmerman, the receipt merely stating that it was 'to purchase machinery;' that the money was to be returned to Mrs. Temmerman when the machinery had been resold, and Mrs. Temmerman was to get a bonus of an undetermined amount for the use of her money.

"Plaintiff does not claim that she is entitled to any part of said bonus, and it is her claim that, in any event, defendant Horn is indebted to her for $5,000 received from her by him, which he has not repaid and which he refuses to repay.   *   *   *

"It is the claim of the defendant that the $5,000 in question was not plaintiff's money; that it was not furnished by her and that she did not loan the money to defendant Horn; that defendant Horn's transaction was with Fred Holzbaugh, and that the receipt for $5,000 was made in the name of Mrs. Temmerman at Mr. Holzbaugh's request, and that, at no time, did defendant have any business dealings with Mrs. Temmerman or receive at any time any of her money; that the money Mr. Horn received from Mr. Holzbaugh was for Mr. Holzbaugh's account only and, inasmuch as his dealing and the transaction was entirely with and in behalf of Mr. Holzbaugh, and not with the plaintiff, Mr. Horn is

not liable, either on the basis of a loan from plaintiff or on the basis of moneys of the plaintiff had and received by him and not repaid.

"I think that fairly and substantially states the respective positions of the parties in this suit, under the testimony presented for your consideration.

"Under the facts claimed to exist by the plaintiff, if established, then, she is entitled to recover; under the facts claimed to exist by the defendant, the plaintiff is not entitled to recover."

Appellant does not challenge the court's instructions in his statement of questions involved.

The jury awarded plaintiff $5,000, and defendant's motion for new trial was denied.

Defendant claims that the verdict was contrary to the great weight of the evidence. This Court in determining whether a verdict is contrary to the great weight of the evidence, has held that "we do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction;" "the jury was able to see the witnesses testify and observe their demeanor on the stand, and consequently was in a better position to determine the question of negligence than an appellate court which has before it only a printed brief and appendices. We do not disturb the trial court's denial of the motion without very clear reason for doing so." (See *Murchie* v. *Standard Oil Co.,* 355 Mich 550, 558.)

The jury's finding in favor of plaintiff was not "manifestly against the clear weight of the evidence."

Defendant contends the court erred in not submitting the 2 following special questions:

"Do you find that Frank Horn received the $5,000 from Fred Holzbaugh in his (Frank Horn's) capacity as an employee of Sam Serra, doing business as Great Lakes Machinery?

"Do you find that Frank Horn turned this $5,000 over to Sam Serra, doing business as Great Lakes Machinery, in pursuance of his duty to account for all moneys received as an employee of Great Lakes Machinery?"

Sam Serra was the owner of the Great Lakes Machinery Company, and when Horn received the $5,000 he was working for Serra on a no-salary basis, receiving 30% of the profits on any machine he was instrumental in selling.

In February, 1953, defendant Horn opened his own business at the warehouse previously used by Serra. He testified that Holzbaugh asked him to buy the machines; that the $5,000 in question was turned over to Serra, who purchased the machines from the Machinery & Equipment Exchange, Inc., for $9,500— $5,000 down and the balance of $4,500 within a specified time; that when Holzbaugh failed to come in with the balance, Serra paid the $4,500 and took possession of the machines; that about a month or a month and a half later Serra asked him when he was going to get his money back; that he paid the $5,000 in 2 instalments and then he (defendant) took title and possession of the machines. Defendant Horn subsequently sold 5 of the 6 machines.

At the close of plaintiff's opening argument, the court granted a motion to dismiss Serra, but when Serra's counsel also sought to quash a subpoena served upon him, the court said it would not then enter an order to dismiss. The order to dismiss Serra, however, was entered at the conclusion of plaintiff's proofs. The appendices do not contain any testimony of Serra, and appellant's brief states Serra did not testify.

Plaintiff testified that she did not know Serra and had never seen him until the day of trial.

Holzbaugh testified that Horn asked him if he knew where he could borrow $5,000 so that he (Horn)

could go in business for himself and that Horn said he would be willing to pay well for it.

The main issue in this case, as framed by the court's unchallenged instructions, was whether plaintiff had loaned the money to defendant Horn. There was no evidence that plaintiff had any contact with, or even knew of, Serra, and she could not be bound by any claimed employer-employee relationship between Horn and Serra.

The special questions presented were not controlling on the main issue and were properly rejected by the court.

The record does not sustain appellant's contention that the trial court committed prejudicial error on rulings as to the admissibility of evidence or in the conduct of and control over the trial which resulted in a miscarriage of justice.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.