OIKARINEN v FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN

Docket No. 47854. Submitted October 6, 1980, at Escanaba.—Decided
November 5, 1980. Leave to appeal applied for.

George L. Oikarinen was injured in an automobile accident and
claimed that he was entitled to wage loss benefits under a no-
fault policy issued by Farm Bureau Mutual Insurance Company
of Michigan. His last employment was four years previous to
the accident. He was a student for two of those years, but
voluntarily left college two years prior to the accident. At no
time during the four years did he actively seek employment.
When Farm Bureau refused to pay lost wages, Oikarinen
brought an action against the insurer. The Houghton Circuit
Court, Stephen D. Condon, J., granted summary judgment for
the defendant on the grounds that the plaintiff failed to state a
claim upon which relief could be granted and that there was no
genuine issue as to any material fact. Plaintiff appeals. *Held:*

Summary judgment was properly granted on the basis that
there was no genuine issue as to any material fact. The
plaintiff failed to establish any factual dispute regarding his
unemployment and on the facts of this case the defendant was
entitled to judgment as a matter of law because the plaintiff
was not "temporarily unemployed" within the meaning of the
no-fault statute.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENTS — MOTIONS — GENUINE ISSUE
   OF MATERIAL FACT — COURT RULES.

   A motion for summary judgment based on the absence of a
   genuine issue as to any material fact tests the factual support
   for the plaintiff's claim and the court, in ruling on the motion,
   may consider the evidence and the depositions of the parties
   (GCR 1963, 117.2[3]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 32.
[2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 361, 368.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.

2. INSURANCE — NO-FAULT INSURANCE — WAGE LOSS — TEMPORARY
    UNEMPLOYMENT.

> A plaintiff was not "temporarily unemployed" for purposes of
> recovery of wage loss benefits under the automobile no-fault
> insurance act where he had last been employed four years prior
> to the accident in which he was injured, had been a student for
> the last two years, had not actively sought work, did not
> establish any circumstances peculiar to him under which he
> might be considered temporarily unemployed, and did not
> support his assertion that he had intended to return to gainful
> employment (MCL 500.3107a; MSA 24.13107[1]).

*Tercha & Daavettila,* for plaintiff.

*Priscilla S. Burnham* for defendant.

Before: J. H. GILLIS, P.J., and BASHARA and CY-
NAR, JJ.

PER CURIAM. Plaintiff appeals as of right from
an order of the Houghton County Circuit Court
granting defendant's motion for summary judg-
ment pursuant to GCR 1963, 117.2(1), 117.2(3).
Plaintiff claims on appeal that his complaint
stated a cause of action and also that a genuine
issue as to a material fact existed.

This case arises out of an automobile accident
which occurred on July 11, 1978. Plaintiff claimed
he was entitled to lost wages under the no-fault
insurance act, specifically, under MCL 500.3107a;
MSA 24.13107(1). A review of the relevant facts is
necessary to properly frame the issue on appeal.

Plaintiff attended college off and on from 1967 to
1976. He obtained a bachelor of science degree in
psychology from Michigan State University in
1972. He was employed by the Copper Country
Dairy from 1973 to 1974. He then worked at Fort
Wilkins State Park from June 1974 to August

1974. This was his last employment until the accident in 1978.

Plaintiff attended Grand Valley State College from 1975 to 1976 for the purpose of obtaining a teaching certificate. He voluntarily terminated his enrollment at Grand Valley State College one term short of obtaining certification. He then returned to live with his parents. Shortly thereafter, he moved in with his girlfriend, who apparently supported him from 1976 until the date of the accident, July 11, 1978. Plaintiff did not actively seek work until sometime in 1979.

Plaintiff brought suit against defendant because it refused to pay him any lost wages. Plaintiff claimed he was "temporarily unemployed" as that term is used in MCL 500.3107a; MSA 24.13107(1). Defendant made a motion for summary judgment under GCR 1963, 117.2(1), 117.2(3). This motion for summary judgment was granted by the trial court on both grounds: 1) failure to state a claim upon which relief may be granted; and 2) as a matter of law defendant was entitled to judgment since there was no genuine issue as to a material fact. Our disposition on the latter ground renders discussion of the former unnecessary.

Plaintiff argues that the trial court erred in granting defendant's motion for summary judgment based on GCR 1963, 117.2(3). We reject this argument.

Plaintiff contends that whether one is "temporarily unemployed" always is a question of fact for the jury. In this case, it is undisputed that plaintiff had been unemployed for approximately four years prior to the accident, with the last two years being after he voluntarily left college. The record is also clear that plaintiff did not actively attempt to return to work until sometime after the accident.

Plaintiff, however, claims that his intention was to return to work and that defendant failed to inquire into the reasons for plaintiff's unemployment.

Under GCR 1963, 117.2(3) the court may consider the evidence and the depositions of the parties in ruling on the motion. *Stefan v White,* 76 Mich App 654, 658; 257 NW2d 206 (1977), *Sanders v Clark Oil Refining Corp,* 57 Mich App 687, 692; 226 NW2d 695 (1975). The purpose of this court rule is to test the factual support for plaintiff's claim. *Walker v Cahalan,* 97 Mich App 346; 296 NW2d 18 (1980).

Plaintiff had ample opportunity to establish a factual dispute regarding the circumstances surrounding his unemployment. See, GCR 1963, 117.3. Although plaintiff has hypothesized many situations in which one may be unemployed for a substantial length of time and still be considered "temporarily unemployed", he did not establish in the court below or on appeal any circumstances peculiar to him under which he might be considered "temporarily unemployed". While the intent of plaintiff to return to gainful employment may be an important element, the mere assertion, after the fact, that he had such intent, which is not supported by any of his actions during the four-year period, does not, in our opinion, raise a genuine issue as to a material fact.

We conclude that the granting of defendant's motion for summary judgment based upon GCR 1963, 117.2(3) was proper on the facts of the case at bar. Defendant was entitled to judgment as a matter of law, as plaintiff was not "temporarily unemployed" within the meaning of that term under § 3107a, for in all the documents, etc. properly considered by the trial court and before us on

review, there was no *genuine* issue raised on this material fact. This is not to say that a student may not recover for wage losses caused by an automobile accident. In *Kennedy v Auto-Owners Ins Co,* 87 Mich App 93; 273 NW2d 599 (1978), the Court allowed a student to recover for losses which he could prove. However, the plaintiff in that case apparently had been employed the previous summer before entering college and also had been employed part-time during the school year, as well as part of the following summer. In this case, unlike *Kennedy,* plaintiff had not been employed for the previous four years without any mitigating circumstances relative thereto having been shown to exist.

The trial court properly granted defendant's motion for summary judgment under GCR 1963, 117.2(3). The decision of the court below, therefore, is affirmed.

Affirmed. Costs to defendant.