COLE v DETROIT AUTOMOBILE
INTER-INSURANCE EXCHANGE

Docket No. 68210. Submitted January 11, 1984, at Lansing.—Decided
September 18, 1984.

Ruth A. Cole, guardian of Harold L. Robison, Roxanne R. Robison, Roscoe W. Robison, Jr., and Kimberly M. Robison, minors,
brought an action in the Ingham Circuit Court against the
Detroit Automobile Inter-Insurance Exchange to recover survivor's benefits on behalf of the children under a policy issued to
their mother, Nancy Robison, who died in an automobile accident. The jury returned a verdict for plaintiff, holding that
Nancy Robison, who was temporarily unemployed at the time
of her death, would have returned to work on September 29,
1980, and that survivor's loss benefits were due in the amount
of $24,346. The court, James R. Giddings, J., granted judgment
on the jury verdict, less the amount of social security benefits
received as a result of Nancy Robison's death. The court also
found that Nancy Robison was temporarily unemployed at the
time of her death and would have been eligible for work loss
benefits from the date of the accident until September 29, 1980,
the date the jury found she would have returned to work, and
granted judgment for an additional $439.20, which represented
that sum. Finally, the court granted plaintiff judgment for
attorney fees. Defendant appealed. *Held:*

1. A dependent of a deceased person killed in an automobile

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 194, 195.
[2] 7 Am Jur 2d, Automobile Insurance §§ 361, 363.
  Entitlement of child, spouse, parent, or other person to survivor's
  loss benefit under no-fault insurance acts. 12 ALR4th 975.
[3] 75 Am Jur 2d, Trial §§ 321, 346.
  Credibility of witness giving uncontradicted testimony as matter for
  court or jury. 62 ALR2d 1191.
[3, 4] 75 Am Jur 2d, Trial § 319.
[4] 75 Am Jur 2d, Trial § 320.
[5] 46 Am Jur 2d, Judges § 220.
[6] 22 Am Jur 2d, Damages § 206 *et seq.*
[7] 29 Am Jur 2d, Evidence § 249 *et seq.*
[8] 7 Am Jur 2d, Automobile Insurance §§ 25, 345.

accident may not recover, as a portion of survivor's benefits, work loss benefits which the decedent would have been entitled to had he survived the accident.

2. There was evidence to support the jury's finding that Nancy Robison would have returned to work on September 29, 1980. It is the province of the jury to weigh the evidence and determine the credibility of witnesses.

3. Defendant contended that the judge's conduct in interrupting and examining witnesses prejudiced the defense. A trial court has broad discretion to question witnesses, but it must not allow its views on disputed issues of fact to become apparent to the jury. A party alleging prejudice or bias on the part of a trial judge bears the burden of showing that prejudice or bias. The defendant did not show nor the record reveal actual bias or prejudice. Further, the court twice instructed the jury that the court had no opinion as to the merits of the case. The instructions cured any error in this regard.

4. Evidence concerning collateral benefits due an injured party from an independent source other than a wrongdoer is admissible where it has a bearing on some purpose other than the question of mitigation of damages. However, in this case the trial court did not abuse its discretion in refusing to admit evidence of decedent's other sources of income at the time of her death as bearing on the issue of her intent to return to work.

5. There was no error in the trial court's jury instructions.

6. The attorney fee award was appropriate.

Affirmed in part, reversed in part and remanded with instructions.

1. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction or attempted interpretation to vary the meaning of a statute is precluded where the statutory language is plain and its meaning unambiguous.

2. INSURANCE — NO-FAULT ACT — SURVIVOR'S BENEFITS — WORK LOSS BENEFITS.

A dependent of a deceased person killed in an automobile accident may not recover, as an element of survivor's benefits, work loss benefits which the decedent would have been entitled to had he survived the accident (MCL 500.3107[b], 500.3107a, 500.3108; MSA 24.13107[b], 24.13107[1], 24.13108).

3. TRIAL — JURY — CREDIBILITY.

It is the province of the jury, not the Court of Appeals, to weigh the evidence and determine the credibility of witnesses.

4. TRIAL — QUESTIONING BY JUDGE.

A trial court has broad discretion to question witnesses, but it must not allow its views on disputed issues of fact to become apparent to the jury (MRE 614[b]).

5. JUDGES — PREJUDICE — BIAS — BURDEN OF PROOF.

A party alleging prejudice or bias on the part of a trial judge bears the burden of showing that prejudice or bias.

6. EVIDENCE — DAMAGES — COLLATERAL BENEFITS.

Evidence concerning collateral benefits due an injured party from an independent source other than a wrongdoer is admissible where it has a bearing on some purpose other than the question of mitigation of damages.

7. EVIDENCE — RELEVANCY — RULES OF EVIDENCE.

A trial court in its discretion may exclude relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury (MRE 403).

8. INSURANCE — NO-FAULT ACT — ATTORNEY FEES — COURT RULES — APPEAL.

An award of attorney fees by a court under the no-fault act will not be disturbed on appeal unless clearly erroneous (MCL 500.3148[1]; MSA 24.13148[1]; GCR 1963, 517.1).

*Farhat, Story, Panek, Porco & Tyler, P.C.* (by *Charles E. Henderson),* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *Frederick M. Baker, Jr.),* for defendant.

Before: ALLEN, P.J., and HOOD and W. S. WHITE,* JJ.

PER CURIAM. On February 5, 1981, plaintiff instituted suit on behalf of the four minor children of Nancy Robison, who was killed August 30, 1980, in an automobile accident. At the time of the accident, defendant was Nancy Robison's no-fault insurer.

The parties filed cross-motions for partial sum-

* Circuit judge, sitting on the Court of Appeals by assignment.

mary judgment pursuant to GCR 1963, 117. Defendant asserted that Robison's dependents were not entitled to survivors' loss personal protection benefits under MCL 500.3108; MSA 24.13108 because Robison had voluntarily terminated her employment approximately six months before the accident, had made no effort to reclaim her job nor seek other employment during her lifetime, and there was no reasonable proof as to the fact and the amount of loss sustained. Plaintiff contended that since Robison was unemployed at the time of her death only because she terminated her employment to stay home with her children after the death of her husband in a 1979 automobile accident, survivor's loss benefits should be calculated based upon the wages she was earning when last employed full time prior to her death, after offsetting the increase in social security payments to her children resulting from her death. The trial court ruled that whether Robison intended to return to work was a question of fact and denied both motions.

After trial, the jury returned a verdict for plaintiff on a five to one vote. The jury found that (1) Nancy Robison would have returned to work; (2) she would have returned to work on September 29, 1980; and (3) survivor's loss benefits for the period September 29, 1980, through September 15, 1982, were due in the amount of $24,346.

Upon plaintiff's renewed motion for a directed verdict which the trial court had taken under advisement, a hearing was held November 16, 1982. The trial court found that had Nancy Robison survived the accident she would have been entitled to wage loss benefits under MCL 500.3107a; MSA 24.13107(1), as a temporarily unemployed person for the period of August 30, 1980,

through September 29, 1980 (between the date of the accident and the date on which the jury found she would have returned to work). The court held that these benefits were lost as a result of her death and were tangible things of economic value available to Robison's dependents under § 3108. Accordingly, the trial court granted the motion and awarded plaintiff an additional $439.20 based on her previous full-time wages. Defendant appeals from this judgment as of right.

Initially, defendant contends that the $439.20 wage loss portion of the trial court's judgment is erroneous because, in effect, it amends the statute by eliminating the survival requirement of § 3107(b) for work loss benefits and by reading § 3107a into § 3108, so as to permit recovery of work loss benefits by a decedent's survivors. As a result, defendant argues, the trial court held that a deceased person is temporarily unemployed and benefits are payable to her survivors for work loss benefits under the guise of tangible things of economic value until the time when, but for her death, she would have returned to work and discontinued her voluntary unemployment.

The pertinent provisions of the no-fault act are §§ 3107(b), 3107a, and 3108 which provide:

"Personal protection insurance benefits are payable for the following:

\* \* \*

"(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured \* \* \*. Work loss does not include any loss after the date on which the injured person dies \* \* \*." MCL 500.3107; MSA 24.13107.

"Subject to the provisions of section 3107(b), work loss for an injured person who is temporarily unemployed at

the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident." MCL 500.3107a; MSA 24.13107(1).

"(1) Except as provided in subsection (2), personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death * * *." MCL 500.3108; MSA 24.13108.

Under generally recognized principles of statutory construction, where the statutory language is plain and unambiguous, judicial construction or attempted interpretation to vary the plain meaning of the statute is precluded. *Jones v Grand Ledge Public Schools,* 349 Mich 1, 9-10; 84 NW2d 327 (1957).

Work loss benefits do not include any loss after the date on which the injured person dies. MCL 500.3107(b); MSA 24.13107(b). Nancy Robison died on August 30, 1980. A plain reading of § 3108 reveals that the survivors may recover only what they *"would have received* for support * * * from the deceased *if the deceased had not suffered the accidental bodily injury causing death".* (Emphasis added.) Since, as the jury found, Robison would not have worked for the period for which the trial judge awarded work loss benefits, she would have earned no wages during that period that would constitute tangible things of economic value within the meaning of § 3108.

In *Davey v Detroit Automobile Inter-Ins Exchange,* 414 Mich 1, 12; 322 NW2d 541 (1982), the Supreme Court noted that survivor's loss benefits,

by definition, are broader than work loss benefits, and concluded that reliance on the language of § 3107(b) in the construction of § 3108 is inappropriate. The trial court's holding, based at least in part on the type of analysis disapproved in *Davey,* that plaintiff was entitled to recover benefits for the period between Robison's death and the date on which the jury found Robison would have returned to work, was incorrect. That portion of the trial court's judgment must be reversed and plaintiff's judgment reduced by $439.20.

Defendant next claims there was insufficient evidence to sustain the jury's finding that Nancy Robison would have returned to work on September 29, 1980, had she not died. Defendant finds support in *Oikarinen v Farm Bureau Mutual Ins Co of Michigan,* 101 Mich App 436, 439; 300 NW2d 589 (1980), where this Court stated:

"While the intent of plaintiff to return to gainful employment may be an important element, the mere assertion, after the fact, that he had such intent, which is not supported by any of his actions during the four-year period, does not, in our opinion, raise a genuine issue as to a material fact."

Defendant argues that the instant case is similar to *Oikarinen* in that plaintiff presented only hearsay and opinion testimony of decedent's intention to return to work. The hearsay and opinion testimony presented by plaintiff at trial was admissible under MRE 701, 704, and 803(3). That the testimony might have been presented by "interested and partisan witnesses" affects the weight, not the admissibility of such evidence. We also note that defense counsel effectively cross-examined these witnesses as to their bias.

The duty of weighing the evidence and deter-

mining the credibility of witnesses is that of the jury. It is not the province of this Court. *Whitson v Whiteley Poultry Co,* 11 Mich App 598, 601; 162 NW2d 102 (1968). The jury's finding that Nancy Robison would have returned to work September 29, 1980, is supported by the testimony of four witnesses that she had expressed an intention to return to work after her children were back in school.

Defendant also contends that the trial court repeatedly interrupted and interfered with the examination of witnesses and that this tended to lead, repeat and emphasize testimony favorable to plaintiff. A trial court has broad discretion to question witnesses, but it must not allow its views on disputed issues of fact to become apparent to the jury. MRE 614(b); *Murchie v Standard Oil Co,* 355 Mich 550, 559; 94 NW2d 799 (1959); *People v Pawelczak,* 125 Mich App 231, 236; 336 NW2d 453 (1983); *People v Redfern,* 71 Mich App 452, 456; 248 NW2d 582 (1976). When a party alleges prejudice or bias of the trial court judge, that prejudice or bias must be demonstrated. *Elsasser v American Motors Corp,* 81 Mich App 379, 388; 265 NW2d 339 (1978). Defendant does not show, nor has a review of the record revealed, actual bias or prejudice. Moreover, the trial court, in both the opening of the case and its final instructions, instructed the jury that it (the court) had no opinion as to the merits of the case. Any alleged error was cured by the above instructions. *Keefer v C R Bard, Inc,* 110 Mich App 563, 578; 313 NW2d 151 (1981).

Defendant next claims that the trial court erred in granting plaintiff's motion *in limine* to exclude evidence that Robison was receiving workers' compensation benefits as a result of her husband's

death. Defendant argues this evidence should have been admitted for the limited purpose of showing Robison's lack of incentive to return to work. Where evidence concerning collateral benefits has a bearing on some purpose other than the question of mitigating damages, it is admissible. *Gallaway v Chrysler Corp*, 105 Mich App 1, 7; 306 NW2d 368 (1981); *Blacha v Gagnon*, 47 Mich App 168; 209 NW2d 292 (1973); *Jackson v Sabuco*, 21 Mich App 430; 175 NW2d 532 (1970). We find no error in granting the motion. Even if the trial court erred in finding that Robison's receipt of benefits was "speculative", that is, irrelevant to the issue of her intent to return to work, the trial court's ruling also rested on MRE 403 which provides that relevant evidence may be excluded if, within the discretion of the trial judge, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * *". *Aetna Life Ins Co v Brooks*, 96 Mich App 310, 314; 292 NW2d 532 (1980).

Defendant asserts that plaintiff, despite the order *in limine*, was permitted to inject the issue of Robison's financial condition as bearing on her intent to return to work. The following testimony is involved:

"*Q. [Plaintiff's counsel]:* Mrs. Cole, in the discussions that Nancy and you had relative to her return to work, was there a reference to—you said she wanted to return to work?

"*A. [Plaintiff Ruth Cole]:* Not only was it a reference that she wanted to, but I think she had made a statement on several occasions that she felt she had to, financially."

Defense counsel objected and, out of the presence of the jury, stated that he wished to cross-

examine plaintiff on the financial condition of Nancy Robison and the source of income at the time of her death, and requested that the court lift the motion *in limine* to allow defendant to put in further evidence of Nancy Robison's income. The trial court refused to lift its order *in limine,* but it gave defendant an opportunity to cross-examine plaintiff on her knowledge of Robison's sources of income out of the presence of the jury, which was done, and offered defendant the opportunity to cross-examine her on the same topic in front of the jury. This ruling was correct. *Jackson v Sabuco, supra,* p 438. The trial court also offered to give a curative instruction. Defense counsel declined the offer and chose not to cross-examine plaintiff in front of the jury. Under these facts, we decline to find an abuse of discretion in this case.

Defendant also asserts that the trial court erred in refusing defense counsel's request to give SJI 5:02 on impeachment of a party by a prior inconsistent statement or conduct. The basis for the trial court's ruling was that Nancy Robison was not a party to this action, a fact that defense counsel conceded. The trial court agreed to and did instruct the jury pursuant to SJI 5:01 on impeachment of a witness by prior inconsistent statement or conduct. The jury was further advised by the court prior to the reading of Robison's deposition as to its evidentiary value. Under these facts, the trial court's refusal to give the requested instruction was not reversible error.

Similarly, there was no error in the trial court's refusal to give defendant's special jury instructions. Requested instruction number seven (that only actual financial loss of income was compensable under § 3108) was properly refused by the court as inapplicable. No claim for loss of earning

capacity was submitted to the jury, and the jury was instructed that they could only award wage loss benefits if they found plaintiff's decedent intended to return to work, and only for that period of time after they found she would have returned to work. With respect to special instruction number eight (that no further damages were to be awarded without proof of loss to a reasonable certainty), the trial court correctly ruled that, since the jury was not going to make a future award, this instruction was inappropriate.

Finally, the trial court's findings concerning plaintiff's claim for attorney fees, MCL 500.3148(1); MSA 24.13148(1), is not clearly erroneous and will not be disturbed on appeal. GCR 1963, 517.1; *English v Home Ins Co,* 112 Mich App 468, 476; 316 NW2d 463 (1982). Attorney fees were quite appropriate in this case.

Defendant does not dispute that it owed plaintiff replacement service benefits or that it owed the penalty interest for the delay in paying these benefits. Defendant attempts to justify its failure timely to pay replacement service benefits because it believed it was entitled, pursuant to § 3109, to set off social security benefits received by the survivors against survivors' loss benefits payable under the policy. Defendant claims that it was unaware of this Court's opinion in *Swanson v Citizens Ins Co,* 99 Mich App 52; 298 NW2d 119 (1980), *vacated on other grounds,* 411 Mich 945; 308 NW2d 99 (1981), which held that social security benefits are not to be set off against replacement service benefits. The trial court correctly found that this was not a reasonable legal excuse for defendant's failure to pay any replacement service benefits. The fact that a portion of the amount due was in dispute did not justify withholding the entire amount due.

Defendant never disputed that it owed plaintiff penalty interest on the replacement service benefits as required by MCL 500.3142; MSA 24.13142. Defendant argues that plaintiff could have obtained an order directing payment of penalty interest at any time after defendant conceded that the payment was due and in fact made that payment. It is on that basis that defendant claims that the 73 hours of attorney time expended after replacement service benefits were paid in March, 1982, were not devoted to obtaining the $1,000 in penalty interest that defendant voluntarily paid prior to trial. Defendant contends that since plaintiff's counsel made no showing that any of those 73 hours were expended in efforts to obtain the penalty interest that the court, in effect, awarded a fee for all of the time expended by plaintiff's counsel in pursuit of the claim for survivors' loss benefits that was reasonably in dispute.

Defendant does not cite any case which requires allocation of attorney fees where a defendant has unreasonably refused to pay certain benefits even where its refusal to pay other benefits was found not to be unreasonable. We find the trial court's refusal to allocate proper under the facts of this case. While it is clear that the Legislature did not intend insurers to pay all claims submitted without reviewing the claims, defendant here was given reasonable proof of the fact and the amount of loss sustained for purposes of § 3142(2). Defendant cannot claim that it was honestly unaware that no-fault benefits were due to plaintiff. Compare and contrast *Combs v Commercial Carriers, Inc,* 117 Mich App 67, 73-74; 323 NW2d 596 (1982), *lv den* 417 Mich 923 (1983), where this Court was concerned with the possibility that the defendant may have been honestly unaware that no-fault

benefits were due to plaintiff therein, because of the form used to notify the defendant of plaintiff's injuries. We find that no such notice problems exist in this case. The trial court's refusal to allocate or to shift to plaintiff the burden of allocation is grounded in common sense and effectuates the purpose of the no-fault act, which is to promptly and adequately compensate persons who were injured in a motor vehicle mishap. *Nash v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 568, 572; 327 NW2d 521 (1982), *lv den* 417 Mich 1088 (1983).

Reversed in part and affirmed in part. Remanded to the trial court with instructions to reduce plaintiffs' judgment by $439.20 in accordance with this opinion.