FRAZIER v ALLSTATE INSURANCE COMPANY

Docket No. 196101. Submitted February 4, 1998, at Detroit. Decided August 14, 1998, at 9:05 A.M. Leave to appeal sought.

Richard Frazier brought an action in the Wayne Circuit Court against Allstate Insurance Company, seeking personal protection insurance benefits, including lost wages, under a no-fault insurance policy issued by the defendant, for injuries sustained in an automobile accident. The accident occurred in July 1992 and the plaintiff had not worked since August 1988 because of an injury suffered while working as a machinist. The plaintiff completed a computer-aided design program in May 1991 as part of his rehabilitation program and sent out resumes for several months, but had not sought employment in the eight months before the automobile accident. The court, Claudia House Morcom, J., finding that the plaintiff was "temporarily unemployed" within the meaning of the no-fault act, entered a judgment in favor of the plaintiff consistent with the jury's verdict. The defendant appealed from the denial of its motion for judgment notwithstanding the verdict and the wage-loss and related portions of the judgment.

The Court of Appeals held:

The trial court erred in finding that the plaintiff was entitled to wage-loss benefits. MCL 500.3107(1)(b); MSA 24.13107(1)(b) and MCL 500.3107a; MSA 24.13107(1) provide that an insured who is temporarily unemployed at the time of an automobile accident is entitled to work-loss benefits. An insured may be found to be temporarily unemployed where the insured is, or would have been but for the accident, actively seeking employment and there is evidence showing the unemployed status would not have been permanent if the injury had not occurred. An insured's bare assertion of intent to secure employment without any corroboration of such intent or actions taken to obtain employment during the period of unemployment is insufficient to render the insured temporarily unemployed. Here, the insured had not been employed for four years and had not sought employment for eight months before the accident and, therefore, was not temporarily unemployed. The insured's statement of intention to begin a new career is insufficient to establish that he was temporarily unemployed.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — WORK-LOSS BENEFITS — TEMPORARILY
UNEMPLOYED.

> An insured who is temporarily unemployed at the time of an automo-
> bile accident is entitled to work-loss benefits under the no-fault act;
> an insured who was unemployed at the time of an accident may be
> found to be temporarily unemployed where the insured is, or
> would have been but for the accident, actively seeking employment
> and there is evidence showing the unemployed status would not
> have been permanent if the injury had not occurred; a bare asser-
> tion of intent to secure employment without any corroboration of
> such intent or actions taken to obtain employment during the
> period of unemployment is insufficient to render an injured party
> temporarily unemployed (MCL 500.3107[1][b]; 500.3107a; MSA
> 24.13107[1][b], 24.13107[1]).

*Buckfire & Buckfire, P.C.* (by *Daniel L. Buckfire*),
for the plaintiff.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by
*James L. Borin* and *Daniel S. Saylor*), for the
defendant.

Before: SAAD, P.J., and WAHLS and GAGE, JJ.

SAAD, P.J.

I

NATURE OF THE CASE

In this no-fault insurance action, defendant appeals[1]
from the trial court's denial of its motion for judg-
ment notwithstanding the verdict and from the wage-
loss and related portions of the judgment for plaintiff.
The issue we decide is whether plaintiff, who had
been unemployed for nearly four years, was nonethe-
less eligible for work-loss benefits under MCL
500.3107a; MSA 24.13107(1), as one who is "tempo-

---

[1] It appeals as of right.

rarily unemployed." Because we hold that plaintiff was not "temporarily unemployed," we reverse and remand.

## II

### FACTS

Although the injury that forms the basis for this case did not occur until July 1992, plaintiff's work and injury history forms an important background to our analysis. While employed as a machinist in August 1988, plaintiff suffered a work-related injury to his right knee. Because of this injury he received worker's compensation and, when he was unable to return to his machinist job as a result of the severity of his injury, plaintiff was ultimately terminated from his employment. As part of his rehabilitation program, in September 1990, plaintiff enrolled in a Focus Hope computer-aided design (CAD) program, and he completed the program in May 1991. Although plaintiff sent out resumes during the following five to six months, and met regularly with vocational counselor Lawrence Gamby, plaintiff never obtained a job.

On July 18, 1992, plaintiff was injured in the automobile accident at issue here. On the date of injury, he had been unemployed almost four full years (from August 15, 1988, through July 18, 1992). Approximately two months after this accident, plaintiff redeemed his worker's compensation award from the first accident, for a lump sum of $67,000.

At the time of the second accident, plaintiff was insured with defendant under a policy in his wife's name. Plaintiff filed suit, alleging that defendant failed to pay plaintiff's personal protection insurance benefits, including lost wages. At trial, defendant moved

for a directed verdict with regard to the wage-loss claim, contending that plaintiff had presented insufficient proof of actual wage loss. The trial court denied defendant's motion, and, with regard to the wage-loss claim, the jury ultimately awarded plaintiff $53,040, which represents three full years of wage-loss benefits, at the rate of $400 a week (which had been plaintiff's wage as a machinist). After entry of the judgment, defendant moved for judgment notwithstanding the verdict with regard to plaintiff's claim for lost wages, and alternatively for remittitur or a new trial, contending the award for lost wages was unsupportable. The trial court denied the motion, incorrectly holding that the evidence established that plaintiff was "temporarily unemployed" within the meaning of the no-fault act.

Defendant appeals from the wage-loss and related portions of the judgment.

III

ANALYSIS

Defendant contends that it was entitled to a judgment as a matter of law because plaintiff did not qualify for wage-loss benefits under the no-fault insurance act. Defendant is correct as a matter of law.

The statute at issue, MCL 500. 3107a; MSA 24.13107(1), says:

> Subject to the provisions of section 3107(1)(b), work loss for an injured person who is *temporarily unemployed* at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident. [Emphasis added.]

Subsection 3107(1)(b)[2] and § 3107a of the no-fault act, taken together, provide that an insured who is temporarily unemployed at the time of the accident is entitled to work-loss benefits for a maximum period of three years following the accident. *Clute v General Accident Assurance Co of Canada*, 179 Mich App 527, 536; 446 NW2d 839 (1989). However, here, defendant contends that plaintiff was not "temporarily unemployed" on July 18, 1992, when he was injured in the automobile accident because he had no previous employment from which to be "temporarily unemployed." We agree.

Although unemployed at the time of the accident, an insured may be found to be "temporarily unemployed" where he is, or would have been but for the accident, actively seeking employment and there is evidence showing the unemployed status would not have been permanent if the injury had not occurred. *Id.*, p 537. However, a bare assertion of intent to secure employment without any corroboration of such intent or actions taken to obtain employment during the period of unemployment is insufficient to render an injured party "temporarily unemployed." *Id.*; *Oikarinen v Farm Bureau Mut Ins Co of Michi-*

---

[2] MCL 500.3107(1)(b); MSA 24.13107(1)(b) provides, in relevant part, as follows:

(1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:

\*    \*    \*

(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured.

*gan*, 101 Mich App 436, 439; 300 NW2d 589 (1980). As the Court stated in *Clute*, p 538:

> Were we to hold otherwise, the floodgates of liability for work-loss benefits would be thrown wide open. Unemployed insureds, although having no real intention of seeking employment, could collect work-loss benefits upon their own after-the-fact, self-serving statements of intention.

Here, the record shows that plaintiff sought employment several months *before* the accident, but plaintiff failed to produce any evidence that he was actively seeking employment at the time of the accident in July 1992. Further, plaintiff had not worked since August 1988. Plaintiff's statement of intention to begin a new career as a CAD operator is insufficient to establish that he was temporarily unemployed. *Id.*; see *Szabo v DAIIE*, 136 Mich App 9, 13; 355 NW2d 619 (1983). Gamby's testimony that plaintiff would have been employed at some later date is undercut by plaintiff's failure to actually do something to seek employment. Not having been employed for four years and not having sought employment for eight months, it defies logic and is contrary to the statutory language to conclude that plaintiff was *temporarily* unemployed.

In light of our disposition on the merits, we need not reach defendant's remaining issue.

Reversed and remanded for entry of a judgment consistent with this opinion. We do not retain jurisdiction.