# STATE OF MICHIGAN

# COURT OF APPEALS

RUSSELL A. REED,

        Plaintiff-Appellant,

v

STARR INDEMNITY & LIABILITY
COMPANY,

        Defendant/Cross-Defendant-
        Appellee,

and

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant/Cross-Plaintiff-Appellee.

UNPUBLISHED
January 29, 2015

No. 317813
Kent Circuit Court
LC No. 12-006137-NF

AUTO CLUB INSURANCE ASSOCIATION,

        Plaintiff-Appellee,

v

MARY ELIZABETH REED,

        Defendant-Appellant.

No. 317814
Kent Circuit Court
LC No. 12-008991-NF

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

These consolidated cases arise out of a motor vehicle accident on July 22, 2011, where Russell Reed suffered injuries while driving a 2001 Ford Explorer owned by Mary Reed. In Docket No. 317813, Russell appeals by right the trial court's order granting Auto Club Insurance Association (ACIA) summary disposition pursuant to MCR 2.116(C)(10). In Docket No. 317814, Mary appeals by right the judgment entered for ACIA. Mary also challenges the trial court's order entered in Docket No. 317813 granting Starr Indemnity & Liability Company

-1-

(Starr) summary disposition pursuant to MCR 2.116(C)(10) in regard to both Russell's lawsuit against Starr and ACIA's cross-claim against Starr. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

We first address whether the trial court erred when it determined that there was no genuine issue of material fact regarding the propriety of Starr's cancellation of Mary's insurance policy. We review de novo a trial court's decision on a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Under MCR 2.116(C)(10), the motion tests the factual adequacy of a complaint and must be supported by affidavits, depositions, admissions, or other documentary evidence. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The trial court in deciding the motion must view the substantively admissible evidence submitted up to the time of the motion in a light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Summary disposition is proper only if there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. *West*, 469 Mich at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Section 3220 of the no-fault act, MCL 500.3220, limits the ability of an insurer to cancel an insurance policy after the policy has been in effect for at least 55 days. See *Titan Ins Co v Hyten*, 491 Mich 547, 558; 817 NW2d 562 (2012). But an insurer may properly cancel a no-fault insurance policy where an insured does not pay his insurance premiums. *O'Neill v Auto Club Ins Ass'n*, 175 Mich App 384, 388-390; 438 NW2d 288 (1989); MCL 500.3212.

It is undisputed that Mary first received automobile insurance from Starr on March 14, 2011. Initially, Mary's insurance policy only covered her as the owner and driver of a 2001 Ford Explorer. Between March 17, 2011, and April 15, 2011, Mary paid Starr $490.38. As of April 15, 2011 Mary did not owe Starr money for the original policy. On April 15, 2011, Mary added her son Jacob and a Pontiac Grand Am to her insurance policy with Starr. On May 25, 2011, Mary paid Starr $149.76. Mary then added a 1989 Chevy 2500 truck to the insurance policy. Starr then sent Mary a bill that indicated that she owed a payment of $256.37 by June 23, 2011. Mary did not make that payment, and on June 24, 2011, Starr sent Mary a cancellation notice that informed her that her policy would be cancelled on July 10, 2011 if she did not pay $256.37. Mary did not pay Starr the $256.37 before July 10, 2011, and Mary's insurance policy was cancelled on July 10, 2011.

So, while it is undisputed that between April 15, 2011 and July 10, 2011, Mary added a Grand Am, a Chevy truck, and her son Jacob to her policy, Mary attested in an affidavit that she removed Jacob and the Grand Am from her insurance policy one or two days after she added them and that she also removed the truck from her policy 1-1/2 to 2 weeks after she had added originally added it. Accordingly, when viewed in the light most favorable to Mary, the record indicates that Mary paid Starr $149.76 in excess of the amount necessary to satisfy the insurance premium for her original policy that covered the 2001 Ford Explorer and that she owed Starr for the one to two days Jacob and the Grand Am were covered by her policy and for the 1-1/2 to 2 weeks the truck was added and covered. There is no indication in the record regarding whether the $149.76 Mary paid Starr on May 25, 2011 would cover her temporary addition of Jacob, the Grand Am, and the truck to her policy. If the $149.76 covered the additions, Mary would not

-2-

have owed Starr any part of the $256.37 payment that it claimed was due by June 23, 2011, and Starr would not have been legally entitled to cancel her insurance policy for nonpayment of her insurance premiums. *O'Neill*, 175 Mich App at 389-390. Accordingly, when the record is viewed in the light most favorable to Mary, there is a genuine issue of material fact regarding whether Mary failed to pay her insurance premiums, and there is a question regarding whether Starr was legally entitled to cancel her insurance policy. The trial court erred when it granted summary disposition to Starr on June 3, 2013, pursuant to MCR 2.116(C)(10). *West*, 469 Mich at 183.

ACIA became involved in this case after Russell filed a claim with the Michigan Assigned Claims Facility for personal protection insurance benefits pursuant to the no-fault act on the basis that the 2001 Ford Explorer was not insured. Russell's claim was assigned to ACIA. ACIA subsequently argued that it was entitled to summary disposition against Mary for the amount of benefits it paid Russell after the accident pursuant to MCL 500.3177 because Mary's 2001 Ford Explorer was uninsured at the time of the accident. The trial court granted ACIA's motion and entered judgment against Mary in ACIA's favor for $404,844.54.

ACIA was correct that MCL 500.3177(1) "allows an insurer paying benefits in a case involving an uninsured vehicle to seek reimbursement from the owner of that vehicle." *Cooper v Jenkins*, 282 Mich App 486, 490; 766 NW2d 671 (2009). But, as discussed above, when the record is viewed in the light most favorable to Mary, there is a genuine issue of material fact regarding whether Mary failed to pay her insurance premiums; consequently, there is a question regarding whether Starr was legally entitled to cancel her insurance policy. If Starr insured the 2001 Ford Explorer at the time of the accident, ACIA would not be entitled to reimbursement from Mary under MCL 500.3177(1). In Docket No. 317814, the trial court erred when it granted ACIA summary disposition and entered judgment against Mary for the benefits ACIA paid to Russell.[1]

Russell argues that he was entitled to work-loss benefits from ACIA under MCL 500.3107a because he was temporarily unemployed at the time of the accident; therefore, the trial court erred in granting ACIA summary disposition in Docket No. 317813.

---

[1] Mary also argues that Starr was estopped from denying her coverage because, after the cancellation of the insurance policy, Starr sent her a bill which she then paid. In support of this argument, Mary relies on *Auto Club Ins Ass'n v Dennie*, 188 Mich App 634, 637; 470 NW2d 409 (1991), where this Court held that "[a]n insurer is bound to provide coverage or is estopped from denying coverage where its acceptance of a premium is accompanied by an unjustifiable delay, or where the acceptance of a premium is unconditional."

In this case, however, Starr sent Mary a collection notice that informed her that she owed an outstanding balance of $33.80 for her insurance policy. The notice stated that "[t]his is not an offer to reinstate, renew, nor a rescission of cancellation. Payment will not continue coverage." Mary is not entitled to estoppel in this case. *Id*.

MCL 500.3107(1)(b) and MCL 500.3107a, when read together, "provide that an insured who is temporarily unemployed at the time of the accident is entitled to work-loss benefits for a maximum period of three years following the accident." *Frazier v Allstate Ins Co*, 231 Mich App 172, 176; 585 NW2d 365 (1998). A person may be found to be temporarily unemployed under the no-fault act when he was actively seeking employment and would have been seeking employment but for the accident, and "there is evidence showing the unemployed status would not have been permanent if the injury had not occurred." *Id*.

In this case, Russell's affidavit indicated that he was employed by Insulation & Environmental Services, Inc., from June 2008 to the summer of 2010; that in June 2010, he suffered an injury to his back and hip while on the job; that he had not been employed from the time he suffered that injury; and that he received workers' compensation benefits until approximately one month before the July 2011 automobile accident. Russell also affirmed that from the time of his on-the-job injury until the motor vehicle accident, he "actively sought employment through Michigan Works in Greenville, which required me to make application [sic] for various jobs, none of which were accepted."

Russell's affidavit was evidence that he was actively seeking employment as is required for a person to be found to be "temporarily unemployed" under MCL 500.3107a. *Frazier*, 231 Mich App at 176. But Russell's affidavit and the remainder of the evidence before the trial court did not show that Russell would have been successful in obtaining a job if he had not been injured in the July 2011 automobile accident. Accordingly, Russell did not provide "evidence showing the unemployed status would not have been permanent if the injury had not occurred." *Id*. In Docket No. 317813, ACIA is entitled to summary disposition pursuant to MCR 2.116(C)(10) because there is no genuine issue of material fact regarding whether Russell's unemployment was temporary, and ACIA is entitled to judgment as a matter of law regarding Russell's claim for work-loss benefits. *Id*.; *Gibson*, 227 Mich App at 190.

In Docket No. 317813, we affirm the trial court's grant of summary disposition to ACIA but reverse the trial court's grant of summary disposition to Starr. In Docket No. 317814, we reverse the trial court's grant of summary disposition to ACIA and vacate the judgment of $404,844.54 in ACIA's favor against Mary. We remand to the trial court for further proceedings concerning whether Starr properly cancelled Mary's insurance policy. We do not retain jurisdiction. Neither party has prevailed in full, so no taxable costs pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder